EDWIN L. MCADAM

*v.*

THE PEOPLE *ex rel.* Frank W. Joslyn, State's Attorney.

*Announced orally April 17, 1899.*

COLLUSIVE SUITS—*collusive suit will be dismissed on motion of amici curiæ.* An appeal will be dismissed by the Supreme Court on motion of *amici curiæ* where it appears the judgment appealed from was entered in a suit instituted by collusion between the parties for the sole purpose of obtaining a decision by the Supreme Court of the questions involved, there being no real controversy between them. (*In re Burdick*, 162 Ill. 48, followed.)

MOTION by *amici curiæ* to dismiss appeal.

RICHARD PRENDERGAST, for *amici curiæ.*

Mr. CHIEF JUSTICE CARTER announced the opinion of the court:

A motion is made in this case by certain persons appearing as *amici curiæ* to dismiss the appeal. It appears that McAdam, who was engaged in the manufacture and sale of butter and cheese in Chicago in connection with some company or corporation, bought some butterine,— perhaps a single package,—and sold it on the board of trade in Elgin to a Mr. Potter, engaged in the same business, and thereupon Potter secured his arrest for violating what is known as the Anti-Butterine statute, being the act of the legislature of 1897 regulating the manufacture and sale of butterine and prescribing penalties for its violation.

We have carefully examined the record and the showing made here, and are satisfied that this is a fraudulent and fictitious case, and that it originated in the collusive acts of certain parties to serve their own private interests; that this butterine was bought and sold for the express purpose of having McAdam arrested and fined for a violation of the statute, in order that on appeal to this court the constitutionality of that statute might be tested. A trial was had at Elgin in the county court, on an information filed by the State's attorney, and McAdam was fined $50. He then took this appeal.

It is clear to us that there was and is no real issue between the parties, and that McAdam is as anxious for a conviction as are those engaged in the prosecution,— that all parties are really on the same side of the case. Whether or not the State's attorney had knowledge of the collusive acts and purposes of Potter and McAdam the record does not disclose, but as they secured the conviction below they must be content with it. The court will not take cognizance of cases of this character. They are frauds upon the court, and persons engaging in them are guilty of conspiracy and fraud and have no standing here. It is the duty of the court to dismiss all such cases

when they are presented. In *In re Burdick*, 162 Ill. 48, this court said (p. 52): "It is settled law that while a collusive or fraudulent suit is still pending the court will, at the suggestion of either a party to the record or a person in interest or who may be prejudiced by the judgment, or even at the instance of a stranger who appears as *amicus curiæ*, or upon its own motion, dismiss such suit out of court. (*Matter of Elsame*, 3 Barn. & Cress. 597; *Coxe* v. *Phillips*, Hardw. 224; *Brewster* v. *Kitchin*, Comb. 424; *Smith* v. *Brown*, 3 Tex. 360.) And the same rule applies where the false and fictitious case is pending in a court of review on appeal or writ of error, and such appeal or writ of error will be dismissed." Where there is no real controversy there is nothing to decide. Besides, the court receives no assistance, but is misled, by the researches and labor of counsel in such cases. There is sufficient legitimate business here to demand all our time and attention without having the dockets clogged by cases of this character.

Accompanying the motion I have discussed is another motion for a rule upon these parties to show cause why they should not be prosecuted for contempt. The court will not at this time take cognizance of that motion, but the appeal will be dismissed from the docket.

*Appeal dismissed.*