MUSKOGEE GAS & ELECTRIC CO. v. HASKELL *et al.*

No. 4558.    Opinion Filed June 10, 1913.

(132 Pac. 1098.)

1.  **APPEAL AND ERROR—Amicus Curiae—Dismissal.** An appeal
    will be dismissed by this court on motion of amici curiae, where
    it appears that the judgment appealed from is based upon a
    fictitious controversy, made in a suit between parties, brought
    for the purpose of obtaining a decision of the court upon ques-
    tions involved; there being no real controversy between the
    parties.

2.  **SAME—Review—Fictitious Issues.** This court will not take cog-
    nizance of an appeal in an action, where it appears the action is
    based upon fictitious issues.

3.  **SAME—Motion to Dismiss—Supporting Affidavits.** Affidavits of
    third parties will be heard in this court in support of a motion
    to dismiss appeal on the ground that the issues in the case are
    fictitious, and that there is no real controversy existing between
    the parties to the suit.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Action by Murray G. Haskell against the Muskogee Gas &
Electric Company, a corporation, and others. Judgment for
plaintiff, and the defendant named brings error. Dismissed.

*Owen & Stone, George S. Ramsey, C. L. Thomas,* and *Paul*
*Reiss,* for plaintiff in error.

*W. F. Rampendahl,* for defendant in error Haskell.

*Alvin F. Maloney, Benjamin B. Wheeler, Carroll S. Bucher,*
*Preston C. West, Myron White, Franklin P. Schaffer, Charles B.*
*Law,* and *J. F. Brett, amici curiae.*

HAYES, C. J. This action was brought in the court be-
low by defendant in error, Murray G. Haskell, hereinafter some-
times referred to as plaintiff, against plaintiff in error and its
codefendants, the city of Muskogee, W. P. Miller, and Charles

Wheeler, as mayor and city clerk of said city, respectively, and who will hereafter be referred to sometimes as defendants.

The city of Muskogee is a city of the first class, organized and existing under a charter duly adopted by said city under the provisions of the Constitution and statutes. Plaintiff brings the action on his own behalf as a taxpayer of the city, and on behalf of and for the benefit of other taxpayers similarly situated. In addition to the foregoing facts, he alleges in his petition that defendant Muskogee Gas & Electric Company is a corporation, organized under the laws of the state of Oklahoma; that on the 8th day of October, 1912, was filed a petition, signed by a number of qualified electors of the city equal to 25 per centum of the total number of votes cast at the next preceding general election, demanding that a proposed franchise, granting to the Muskogee Gas & Electric Company the right to erect, maintain, extend, and operate in the streets and alleys and other public places of the city a plant for the purpose of generating and distributing electricity, be submitted to the vote of the people at an election. The proposed franchise was filed with the mayor of said city on said last-mentioned date, and within ten days thereafter, to wit, on the 18th day of October, 1912, in the manner and form provided by law, the mayor called a special election at which to submit the question whether or not the franchise should be adopted. The full text of the proposed franchise is set out in the petition. Plaintiff then alleges that said franchise, if adopted, will be void, because in conflict with certain provisions of the Constitution and of the statutes and of the charter of said city. He further alleges that the mayor has caused notice of said proposed election to be given, and that he and the clerk are proceeding to prepare for said election, and are and will incur expenses necessary to hold said election and pay the expenses thereof out of the public funds of the city, which funds must be raised by taxation, and that taxes will thereby be greatly increased, and the plaintiff and other taxpayers will have to pay more taxes on account of the ex-

penditure of the city funds incident to the holding of said election. He thereupon prays that the city and the defendant officers be enjoined from holding said election and from incurring or contracting any expense relative thereto, and from paying out any of the public funds of the city on account of any such expense.

Defendants, by their answer, admit all the allegations of the petition; but as to whether the legal conclusions drawn therefrom are correct they allege that they have no knowledge, and pray the judgment of the court. Upon these pleadings the trial court rendered a judgment, awarding to plaintiff an injunction as prayed for, to reverse which this appeal is prosecuted alone by plaintiff in error, the grantee in the proposed franchise.

There has been filed in this court a motion, signed by eight lawyers and taxpayers of the city, by which as *amici curiae* they ask that this proceeding be dismissed, upon the ground that the case is wholly fictitious and originated in collusive acts of the parties, for the purpose of serving private interests; that the charter of the city of Muskogee provides that no franchise shall be granted, extended, or renewed by the city, without the approval of a majority of the qualified electors residing within the corporate limits, who shall vote thereon at a special or general election; and that the question of its being granted shall be submitted to such voters only when there has been deposited by the applicant for the franchise with the treasurer an amount sufficient to pay the expenses of such submission. In support of their motion they attach the affidavits of the present city clerk and city treasurer, in which affidavits they state that on a date prior to the issuance of the call for the election by the mayor, and prior to the institution of this suit, plaintiff in error, the grantee in the proposed franchise, deposited with the city the sum of $2,000 with which to defray the expenses and cost of the proposed election, and that said sum of money is now in the hands of the city treasurer, and was determined by him to be sufficient

to pay the expenses of the election. No answers to this motion to dismiss and to the affidavits in support thereof have been made by the parties to the suit, except that in the briefs of plaintiff in error the right to establish that the suit is fictitious by affidavits filed in this court is challenged; but this contention finds no support in the authorities; for it seems to be a general rule that a suit may be shown to be fictitious by the record, or by evidence *aliunde,* or both. 2 Ency. of Pl. & Pr. 344; *Haley v. Eureka County Bank,* 21 Nev. 127, 26 Pac. 64, 12 L. R. A. 815. And the evidence *aliunde* may consist of affidavits of third persons. *Ward v. Alsup,* 100 Tenn. 619, 46 S. W. 573; *Smith v. Junction Ry. Co.,* 29 Ind. 546; *Lord v. Veazie,* 8 How. 255, 12 L. Ed. 1067.

In *Ex parte Guernsey,* 21 Ill. 443, the court said:

"It is not unusual, we believe, for all courts to hear and receive the statements or affidavit of one claiming to speak or act as *amicus curiae,* so to suggest to the court as that it may not be led unconsciously into error, and where there may seem to be collusion between parties, by which another party may be injured, or for any cause which the court is at liberty to recognize as proper for the interference of such person."

The authority of third persons, as *amici curiae,* to intervene in a cause and call the attention of the court to the fact that the issues therein are feigned and fictitious, or that the suit is being prosecuted by collusion of the parties, is well settled. *McAdam v. People ex rel. Joslyn,* 179 Ill. 316, 53 N. E. 1102; *Ward v. Alsup, supra*; 2 Encyc. of Pl. & Pr. 344. In the two authorities last cited the cases are fully collected.

Since the affidavits in support of the motion have not been controverted, it must be taken as true that prior to the time the election was called by the mayor and this action was begun plaintiff in error, in compliance with the charter of the city, had deposited with the city treasurer the amount of money necessary to pay the expenses of the election; and the allegations of the petition that said expenses are to be paid out of funds raised by taxation and the taxes of plaintiff thereby

increased are untrue. There is no charge in plaintiff's petition that the petition for submission of the franchise to a vote of the people is in any way irregular or that no law exists for the calling and holding of such election. The gist of the cause of his action, as alleged in his petition, is that the proposed charter, if adopted, will be void, resulting in a useless election, the injury from which to plaintiff will be the incurring of expenses, which must be paid in part by taxes upon plaintiff's property. The answers of defendants admit this allegation, but such are not the facts, for, at that time the proposed grantee in the franchise had deposited the money with the city, out of which the expenses of the election are to be paid, and in fact the injury plaintiff alleges that he will receive from the holding of the election will not occur, and this issue made by the pleadings as to such injury is fictitious. A decision of the case upon its merits can serve but one of two purposes: If the final judgment of the court should sustain plaintiff's contention that the proposed franchise is void, because in conflict with the city charter or the Constitution, and enjoin the election, plaintiff in error would then be relieved from the expense of the election. On the other hand, if the court should decide that the charter will be valid, then plaintiff in error would have the advantage of having determined in advance the validity of its franchise before incurring the expense of an election, and of having this court establish a precedent to influence future actions brought by persons who may in fact be injured by the franchise, so that the effect of the judgment of the court upon the merits would be not to grant relief to the plaintiff taxpayer bringing the action, but to plaintiff in error.

Mr. Chief Justice Taney, in *Lord v. Veazie,* 8 How. 251, 12 L. Ed. 1067, said:

"It is the office of courts of justice to decide the rights of persons and of property, when the persons interested cannot adjust them by agreement between themselves, and to do this upon the full hearing of both parties. And any attempt, by a

mere colorable dispute, to obtain the opinion of the court upon a question of law which a party desires to know for his own interest or his own purposes, when there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehended and treated as a punishable contempt of court."

And in *California v. San Pablo & C. Railroad,* 149 U. S. 308, 13 Sup. Ct. 876, 37 L. Ed. 747, it was said:

"The duty of this court, as of every judicial tribunal,· is limited to determining rights of persons or of property which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power or affect the duty of the court in this regard."

And in the decisions of this court it has been held that appeals which present only abstract or hypothetical questions, from a decision of which no practical relief can follow, will be dismissed. *Sneed v. State ex rel. Yoeman & Stuart,* 27 Okla. 259, 111 Pac. 203. Although these cases are not directly in point, they are analogous.

It should be here said that there is nothing in the record to convict counsel for the parties to the action with the knowledge of the fact that the expenses of the election had been provided for by plaintiff in error, or that any effort has been made by them to deceive the court relative thereto; and there has apparently been the utmost good faith practiced by all counsel in their endeavor to present thoroughly every phase of the question presented upon the face of the pleadings. But the danger of courts deciding cases under such circumstances is suggested by this case. Here is a case in which the plaintiff in the court below, so far as the real facts are concerned,

has no interest in the controversy, who will not be affected in any way whatever by the election to be held and the adoption of the proposed franchise; but he comes into court and contests with defendants for the purpose of testing the validity of the franchise. It cannot be expected that a suit, prosecuted under such circumstances, as a general rule, will be prosecuted with that earnestness, fairness, and good faith that would attend the prosecution or defense of a suit by a person who is, in fact, affected injuriously by the franchise. There is not that incentive to employ able counsel and secure thorough presentation of the questions to a court that there is when a result of the judgment must affect the rights of the person complaining, and the court will, as a rule, receive but little aid from the parties in deciding the ostensibly controverted questions in such cases; for, although both parties may not have a common interest, there is one party who in fact has no interest in the controversy.

As was said by the court in *McAdam v. People ex rel. Joslyn, supra*:

"Where there is no real controversy, there is nothing to decide. Besides, the court receives no assistance, but is misled, by the researches and labor of counsel in such cases. There is sufficient legitimate business here to demand all our time and attention without having the dockets clogged by cases of this character."

For the reasons stated, the motion to dismiss is sustained.

All the Justices concur.