## BARTLETT et al. v. ATKINS et al.

No. 6970—Opinion Filed Jan. 8, 1918.

(169 Pac. 1076.)

(Syllabus.)

### Appeal and Error—Writ of Error—Abstract Questions — Dismissal—Parties.

When the issue or issues in a case cease to be concrete and real and become abstract, so that the adjudication brought to this court for review does not and cannot affect any claim of right in respect to the subject of the same adverse to that of the party in whose favor the judgment or decree was entered, the petition in error will ordinarily be dismissed.

(a) Where a party as plaintiff, claiming to be the sole heir of an intestate, brings an action as such heir for the recovery of and to remove a cloud of purported, but forged, conveyances from such property, and accordingly recovers judgment against the parties claiming under such conveyances, who, although not in fact privies in respect to any right, title, or interest held by the plaintiff's sister, defend in part upon the grounds that the plaintiff's sister, who is not a party and whose rights in respect to the property, if any, cannot be affected by such adjudication, is the sole

heir of such intestate, and where, after some of such defendants bring the case to this court for review, they admit in effect that such conveyances were forged, and that they never had any right, title, or interest in or to such property, the issue between the parties affected by the judgment is not concrete and real, but is abstract, and the petition in error will therefore be dismissed.

(b) Parties admittedly having no right, title, or interest in or to the subject-matter in litigation are not entitled to have an adjudication of the issues in the trial court reviewed in this court upon the grounds that the judgment is void as against a person who was never a party to the case, and whose rights, if any, cannot be affected by the adjudication.

Turner, J., dissenting.

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by Nancy Atkins, by her guardian, Micco T. Harjo, against H. U. Bartlett, A. A. Hammer, the Gypsy Oil Company, William S. Murphy, Wilber M. Norris, W. H. Walton, and Ellis H. Hammet to recover real property and remove cloud from title of same. Judgment for plaintiff, and H. U. Bartlett, A. A. Hammer, and the Gypsy Oil Company bring error. Petition in error dismissed.

Poe, Hindman & Lundy, L. M. Poe, E. C. Hanford, and C. B. Stuart, for plaintiffs in error.

N. B. Maxey and Malcolm E. Rosser, for defendants in error.

THACKER, J. Nancy Atkins, the defendant in error, an incompetent person, by her guardian, Micco T. Harjo, on July 23, 1913, commenced this action against H. U. Bartlett, A. A. Hammer, and Gypsy Oil Company, plaintiffs in error, and against William S. Murphy, Wilber M. Norris, W. W. Walton, and Ellis H. Hammet, defendants in error, for the recovery of and to remove the cloud of certain purported, but forged, conveyances from the following described "allotted" real property situated in Creek county, to wit: The S. W. ¼ of the N. W. ¼ of section 4, and the S. W. ¼ of the N. E. ¼ and lot 2 of section 5, and also lot 4 of section 4, township 18 north, range 7 east.

The plaintiff, claiming to be the mother and sole heir of the allottee, who was enrolled as Thomas Atkins, and whose mother's name was entered upon the rolls as Minnie Atkins, recovered judgment and decree in June, 1914, and the defendants Bartlett, Hammer, and the Gypsy Oil Company,

although now admitting in effect that such conveyances were forged, and that they never had any right, title, or interest in or to this property, have brought this case to this court for review, because, as they say, the judgment purports to adjudicate Nancy Atkins' claim of right and title not only against themselves, but against her sister, Minnie Atkins, who, as all the parties agree, has never been a party to this case, and that the judgment and decree is void as to her.

In view of the admission of the plaintiffs in error that they now claim no right, title, or interest in or to the property in question, and in view of the further fact, admitted by all parties to this case, that no right, title, or interest of Minnie Atkins, nor of any one claiming under her, is or could be affected by the judgment of the trial court or by any decision or judgment of this court in this case, because neither Minnie Atkins nor any one claiming under her has been or is a party to the same, the defendants in error insist that the petition in error should be dismissed because there is now no concrete and real, but only an abstract, issue, between the plaintiffs in error and the defendants in error, or between either of them, presented to this court for decision, or, in other words, that it now appears that the adjudication we are asked to review effectively adjudicates nothing except that one party, as against other parties who now admit they never had any right, title, nor interest in or to the property involved, is entitled to recover such property and to have a cancellation of admittedly forged deeds and conveyances predicated thereon.

The fact that she recovered upon the theory that she and not her sister Minnie is the mother and sole heir at law of the original owner of the same establishes her relation and right as such as against such other parties to this case, and as against no one else.

The judgment and decree brought here for review does not, in effect, adjudicate any question as against any person or persons who are not parties to this case nor against their privies nor in any manner fix the status of the relation between Nancy Atkins and the allottee so as to be binding upon any one who is not a party nor privy; but, as a result of the admissions of all parties to this case, it appears that all concrete and real issues between the parties affected by that judgment and decree have been eliminated, so that nothing remains to be considered or decided which could affect the right, title, or interest of any adverse

claimant of the property in question. See Canadian Trading Co. v. Ralls, 42 Okla. 759, 142 Pac. 1033; Muskogee Gas & Elec. Co. v. Haskell, 38 Okla. 358, 132 Pac. 1098, Ann. Cas. 1915A, 190; Harman v. Burt, 20 Okla. 509, 94 Pac. 528.

Parties having no right, title, or interest in or to the subject-matter in litigation, as in the instant case, are not entitled as a matter of right to have an adjudication of the issues in the trial court reviewed in this court upon the grounds that the judgment is void as against a person who was never a party to the case, and whose rights, if any, cannot be affected by the adjudication.

The appeal in this case is dismissed.

All the Justices concurring, except TURNER, J., dissenting.