**CORPORATION COMMISSION of the State of Oklahoma, and Answering, Inc., Appellees,**

v.

**RADIOCALL PAGING SERVICE, Appellant.**

**No. 45156.**

Supreme Court of Oklahoma.

Jan. 29, 1974.

Rehearing Denied March 26, 1974.

Jack A. Swidensky, Atty., Gerald H. Barnes, Asst. Gen. Counsel, Okl. Corp. Commission, Oklahoma City, for appellee Corp. Commission of Okl.

Berry & Berry, Geo. L. Verity, Brown, Verity, Brown & Baker, Oklahoma City, for appellee Answering, Inc.

E. Melvin Porter, Oklahoma City, for appellant.

BARNES, Justice:

In 1968, the Federal Communications Commission, for the first time, made available, for one-way radio paging service in Oklahoma City, two high-band frequency radio channels.

In 1970, the Oklahoma Legislature enacted the "Radio Common Carriers" Act, Title 17 O.S.1971, §§ 201 to 205, both inclusive. By said Act's Section 201, radio systems furnishing the public one-way, as well as two-way, radio communication systems, licensed by the Federal Communications Commission as miscellaneous common carriers, were defined as "radio common carriers", and Section 202 of the Act declared all such radio systems to be public utilities and subject to the jurisdiction of this State's Corporation Commission to grant them certificates of public convenience and necessity, and to otherwise regulate them as therein provided.

In 1971, Answering, Inc., the Oklahoma City operator of a telephone answering service, instituted Corporation Commission Cause No. 24,313 by filing therein its application for a certificate of convenience and necessity to operate, in conjunction with said service, a paging, or signaling, service using one of these two high-band frequency channels. Answering, Inc., alleged in its application that the subscribers to its answering service, and others in the Oklahoma City community, needed such a dual operation so that they could receive messages, regardless of where they happened to be, within a radius of 15 miles around a broadcasting antenna it proposed to build in Oklahoma City.

Roy Teel, Lowrey McKee, and Redco Corporation, d/b/a Mobilfone, filed a protest to the above described application, alleging, among other things in brief substance, that Mobilfone was already furnishing, under proper authorization, "one and two wave radio service including paging service in the area involved"; that it had the resources to furnish any additional service that might be needed in the area involved, and that the public convenience and necessity does not require issuance of the additional authority applied for by Answering, Inc.

Radiocall Paging Service, which had been operating a one-way paging service on a low-band radio channel, also appeared in the case in opposition to Answering, Inc.'s application.

After a hearing before the Corporation Commission, at which Answering, Inc., and both protestants introduced evidence, said Commission entered its Order No. 86,222 granting Answering, Inc., the authority to offer, in conjunction with its telephone answering service, a one-way paging service on one of the two newly available high-band radio frequency channels, but specifically restricted this authority to offering such service "only to those persons who are also customers of the telephone answering service portion of Answering, Inc.'s operation."

As indicated by the caption of this case, Radiocall Paging Service appealed from this order, but Mobilfone did not. In its present appeal, Radiocall Paging Service, hereinafter referred to merely as "Radiocall", presents two questions, namely:

I. Does the evidence support the order?

II. In entering the order, did the Corporation Commission exceed its jurisdiction?

 To support our giving an affirmative answer to the second question above set forth, Radiocall does not deny that the evidence before the Commission shows a public need for a radio- paging service to be operated in connection with a telephone answering service in Oklahoma City, but it points out that, unlike Answering, Inc., it is an *existing* radio common carrier; and, upon the premise that there was no evidence before the Commission that it would not, or could not, furnish such service, it contends that said tribunal acted in violation of Title 17, § 203, supra, in granting Answering, Inc., rather than it, the opportunity of furnishing such service.

Answering, Inc., does not deny that Radiocall is an "existing" radio common carrier, or "present" operator under the following provision of said Section 203, supra:

"* * * *No certificates of public convenience and necessity shall be issued other than to . . . present operators . . ., unless it be shown from the evidence that* the public convenience and necessity require the same, and that *existing radio common carriers . . . have not and will not be able, within a reasonable time, to furnish the same or comparable service.*" [Emphasis added.]

Answering, Inc., does, however, point to the testimony elicited before the Commission from Mr. C. B. Edwards, Radiocall's owner and manager, as contradicting Radiocall's above described representation as to the evidence and as supporting the following finding in the order appealed from:

"The Commission further finds that no presently operating radio common carrier in Oklahoma City is currently offering this combination of telephone answering and radio paging and further, that no presently operating radio common carrier in Oklahoma City, Oklahoma, have, after opportunity to do so, offered the same or comparable service as that proposed by Applicant."

The testimony Answering, Inc., refers to appears in the following excerpt from Mr. Edwards' cross-examination:

"* * *

"Q At page 3 of your Protest, I notice that you make this statement . . . : 'Radio call paging service has been requested many times to add telephone answering service in conjunction with its radio paging station KJM–248, by subscribers and protective subscribers. A good percentage of those making request were and are subscribers to Answering, Inc. Telephone Answering Service.' Did you make that statement?

A That's very true.

* * * * * *

Q Well, don't you feel like . . . the public is entitled to what it has a need and convenience for?

A Well, we are not in the telephone answering business, actually. We are licensed by the federal government to run a radio paging station . . . .

* * * * * *

Q But you say that these people, many people, called you and told you that they wanted the same person to be giving their answering service that gives them their radio page.

A Right.

* * * * * *

"CHAIRMAN NESBITT: * * * You don't contemplate any installation of any answering service?

"WITNESS EDWARDS: No, sir, we do not propose to move over into their field."

**1364**

It is our opinion, after carefully examining the evidence, that it supports the conclusion that Radiocall has not, and will not, within a reasonable time, furnish a combined telephone answering and radio paging service. We therefore find no merit to Radiocall's argument that the Commission was without jurisdiction under Section 202, supra, to enter the order herein appealed from.

Nor do we agree that said order is unwarranted in the other respects claimed by Radiocall. With reference to the question it has raised as to said order being supported by the evidence, Radiocall advances two arguments. It first contends that the Commission is obligated to distribute all available radio wave lengths so as to give the greatest possible service, and it maintains that the Commission's order allowing Answering, Inc., to use one of the only two available high-band frequency radio channels only to service those who also subscribe to its telephone answering service will not furnish the public the greatest possible use of said channel. Radiocall also says that the answering service customers of Answering, Inc., make up about 15% of its radio paging customers, and that, if it loses these, its business will be ruined, and others in the business will be dealt "an unfair competitive disadvantage."

Our answer to the first of the two above contentions is that the order appealed from does not restrict the use of the subject radio channel to customers of Answering, Inc.,—it only restricts the latter's use of said channel to servicing them.

Our answer to the second of the above contentions is that public needs cannot go unserved because of claimed preferential rights of an existing common carrier. As to this aspect of the case, our interpretation of Section 203, supra, is consistent with this Court's previous interpretation of Title 17 O.S.1971 and 1951, § 131. As to the latter statute, in Blakeley v. Corporation Commission, Okl., 332 P.2d 1103, 1108, we said:

"It is argued by McLoud Exchange that the order of the Commission authorizes an invasion by Bell of the McLoud Exchange area, contrary to the provisions of 17 O.S.1951 § 131, supra. We have already noted that the statute authorizes an invasion when public necessity and convenience so requires. * * *"

As we have found in the arguments presented by Radiocall no sufficient ground for disturbing the order appealed from, said order is hereby affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, SIMMS and DOOLIN, JJ., concur.