**ANSWERING, INC., Appellant,**

v.

**CORPORATION COMMISSION of the State of Oklahoma and Cyrus Von Edwards d/b/a Radiocall, Appellees.**

**No. 45561.**

Supreme Court of Oklahoma.

April 9, 1974.

As Corrected April 19, 1974.

Berry & Berry and Brown, Verity, Brown & Baker, Oklahoma City, for appellant Answering, Inc.

Gerald H. Barnes, Asst. Gen. Counsel Corp. Comm., Oklahoma City, for appellee, Oklahoma Corp. Comm.

E. Melvin Porter, Oklahoma City, for appellee, Radiocall.

DOOLIN, Justice.

The Radio Common Carriers Act, Title 17, Oklahoma Statutes 1971 §§ 201–205, became effective April 7, 1970, and provides essentially that every "radio common carrier" as therein defined must secure a certificate of convenience and necessity from the Corporation Commission of the State of Oklahoma to construct and operate or continue operation of certain types of radio systems. Such a certificate is secured from the Corporation Commission by compliance with procedural requirements of notice; hearing and proof of public need; or, by virtue of a certain "grandfather clause" requirement found at § 203 of Title 17. This clause provides for certification of operating radio common carriers having " . . . a certificate heretofore issued by the Corporation Commission authorizing such service, . . ."

On January 14, 1971, Cyrus Von Edwards, doing business as Radiocall Paging Service (hereinafter "Radiocall") applied to said Corporation Commission for certification under said "grandfather clause," alleging all conditions required by the enactment except previous certification by the Corporation Commission of the State of Oklahoma. A Certificate of Convenience and Necessity was issued to Radiocall by said Corporation Commission pursuant to § 203 of the Act by Order No. 83438 on January 17, 1971. No recitation regarding previous certification by said Commission is contained in that Order.

Thereafter Answering, Inc., a subsequently licensed radio common carrier, filed its application for an order to declare Order No. 83438 of the Corporation Commission of the State of Oklahoma invalid for the reason that Radiocall did not comply with the notice and hearing requirements of the Act, nor had Radiocall met the statutory requirement of the "grandfather clause" in securing certification under Order No. 83438. Hearing was had before the Commission en banc January 18, 1972, resulting in denial of application of Answering, Inc., finding that prior to April 7, 1970, (Enactment date of Radio Common Carriers Act) Radiocall had no legal obligation to obtain Oklahoma Corporation Commission certification to render radio common carrier service, and Radiocall did not need to show certification under the "grandfather clause" of the Act. Answering, Inc. appeals.

The issue therefore, is whether the Corporation Commission of the State of Oklahoma can so construe 17 O.S.1971 § 203 as to exclude an express requirement of that legislation where the requirement had not previously been mandatory.

Answering, Inc. argues that "grandfather clauses" are to be strictly construed, thus in implementation of the Act, the Corporation Commission could not ignore the previous certification requirement of the Act in certifying Radiocall under the "grandfather clause."

Radiocall argues that the legislative intent of the Oklahoma Legislature and leg-

islatures in general is to permit established, proven competitors in a given field to continue operations without compliance with new regulatory measures. See State ex rel. Krausmann v. Streeter, 226 Minn. 458, 33 N.W.2d 56, 4 A.L.R.2d 662 (1948). Thus, Radiocall argues that since the prior certification of radio common carriers was not mandatory or directed by Oklahoma Law, it should not be a *sine qua non* for certification under the 1970 Act. Radiocall also argues that previous successful service and Federal certification, both of which were arguably shown, should be sufficient to bring Radiocall under the "grandfather clause," and that in the relatively new field of certifying radio common carriers, a liberalized standard should be followed.[1]

■ An examination of the facts shown by the evidence seems appropriate at this point to bring into better focus the pertinent aspects of this controversy. The record reflects that while there was no express regulatory jurisdiction in the Corporation Commission over radio common carriers prior to the 1970 enactment, many certificates of the type mentioned in 17 O.S.1971 § 203 had in fact been issued by the Corporation Commission to various radio common carriers in the State of Oklahoma, apparently in deference to American Telephone and Telegraph Company Standards. Neither of the parties nor our own research reveals any such regulatory jurisdiction prior to the 1970 enactment, in spite of the fact that such certificates were shown to have been previously issued. We can only conclude, as the Oklahoma Corporation Commission does, that " . . . § 203, supra, (17 O.S.1971 § 203 the 'grandfather clause') can only be read in the light that the Legislature assumed, in passing the Radio Common Carriers Act, the Commission had some pre-existing authority over radio common carriers. * * *" This is somewhat analogous to the position the Maryland Court took in Germenko v.

Public Service Commission, 226 Md. 295, 173 A.2d 362, 366 (1961) :

"* * * #33(c) did create new 'grandfather' rights in regard to applicants in bona fide operation as contract carriers of flammables on June 1, 1954, and continuously thereafter, who had *failed* to file *timely* applications under the 1954 Act."

■ The Corporation Commission of the State of Oklahoma has only such jurisdiction and authority as is expressly or by necessary implication conferred on it by the constitution and the statutes, Merritt v. Corporation Commission, 438 P.2d 495 (Okl.1968) ; Kingwood Oil Company v. Hall-Jones Oil Corporation, 396 P.2d 510 (Okl.1964), and numerous other decisions mentioned under Article 9, § 18, Oklahoma Constitution Annotated, notes 8 and 10. Taking the converse of this proposition as true, it follows that the Corporation Commission was compelled to interpret and apply the Radio Common Carriers Act in furtherance of the additional regulatory jurisdiction conferred upon it by the Legislature.

■ In attempting to interpret and apply the Radio Common Carriers Act, the Corporation Commission of the State of Oklahoma, cognizant of the fact that prior certification of radio common carriers was not mandatory or directed by Oklahoma Law prior to the 1970 enactment, apparently looked to accepted rules of statutory construction for a reasonable, practicable interpretation of 17 O.S.1971 § 203. See Bankers Union Life Ins. Co. v. Read, 182 Okl. 103, 77 P.2d 26 (1938). Accordingly, the Corporation Commission concluded that prior to the 1970 enactment of the Radio Common Carriers Act the Corporation Commission had no regulatory jurisdiction over radio common carriers and could not legally oblige them to obtain the certification mentioned in 17 O.S. 1971 § 203; and, it would not require

---

1. See Andrews Van Lines, Inc. v. United States, D.C., 240 F.Supp. 763, affirmed 382 U.S. 67, 86 S.Ct. 234, 15 L.Ed.2d 144, citing with approval Al Renk & Sons, Inc., 89 MCC 91 (Alaska).

showing of prior certification for issuance of a certificate pursuant to the "grandfather clause" of the Radio Common Carriers Act.

This is in accord with the standards for statutory constructions stated by this Court. The judgment of the Corporation Commission of the State of Oklahoma in upholding its Order No. 83438 and denying the application in its Cause No. 24308 is approved.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, J., dissents.