MOBILFONE SERVICE, INC., a domesticated corporation, Appellant,

v.

The CORPORATION COMMISSION of Oklahoma and Beeper Service of Tulsa, Inc., an Oklahoma Corporation, Appellee.

No. 49810.

Supreme Court of Oklahoma.

June 27, 1978.

William L. Anderson, Oklahoma City, for appellant.

Ungerman, Ungerman, Marvin, Weinstein & Glass, Tulsa, for appellee.

DOOLIN, Justice:

In October of 1975, Beeper Service of Tulsa, Inc., an Oklahoma Corporation, made application to the Corporation Commission for a certificate of public convenience and necessity to operate a one-way signaling service in Tulsa, Oklahoma, pursuant to the Radio Common Carriers Act 17 O.S.1971 § 201 et seq. (the act). The certificate allows Beeper to operate within a thirty mile radius of its base station, a personal paging system utilizing an available low band frequency.[1]

Mobilfone Service, Inc., who holds the only certificate to operate such a paging service in the Tulsa area, appeared as the only protestant.

At the hearing before the Commission referee, Beeper offered testimony of two of its officers to support its application. These witnesses testified as to the need in the Tulsa area for a second paging service.[2] Protestant's two witnesses, its president and regional manager, testified their company was adequately serving the area. The referee's report found protestant had not furnished adequate service to Tulsa area and would not in the future be able to furnish service comparable to that rendered in other areas. The report found the optimum number of one-way paging units to be 1% of population and the normal number about .7 to .75%. It further found Mobilfone was supplying a substantially smaller than average number, consequently, it was not serving the needs of the Tulsa area. It also found Beeper would be offering different types of pagers, not now offered.

1. Witness for Beeper testified there were only four "low band" channels available as allocated by the General Communications Commission. Protestant operates on a "guard band" channel. Low band has greater distance potential while a guard band has greater penetrability into buildings.

2. § 203 of the act requires a certificate of public convenience and necessity for operation of such a service. It provides in part: ". . .

No certificates of public convenience and necessity shall be issued other than to the present operators mentioned above, unless it be shown from the evidence that the public convenience and necessity require the same, and that existing radio common carriers and/or landline telephone companies have not and will not be able, within a reasonable time, to furnish the same or comparable service."

Protestant filed exceptions to the report of the referee, hearing was held, and Commission issued its order in May of 1976, granting Beeper the requested certificate.

Protestant appeals, contending statutorily required notice was not given and the order was not supported by substantial evidence.

■ Section 202 of the act requires notice of an application for a certificate to be sent to all landline telephone companies within the area sought to be served. Protestant received notice, as well as other landline companies, and publication was had. Protestant submits Beggs Telephone Company was not notified of the hearing, therefore, order of Commission is void. Protestant submits no authority that grants it standing to raise the issue of lack of mailing to Beggs Telephone Company who is not a party to this appeal. It is fundamental that protestant has no right to avail itself of lack of notice to another company when protestant itself received notice. Further, it does not show that lack of notice to Beggs was in any was prejudicial.[3] Only Beggs Telephone Company may attack the order, for its lack of notice.

Protestant's second contention argues Beeper did not show that a public need for additional services exists. Protestant claims it could supply any request the public might make for pagers. It further submits the order was based on hearsay testimony of a survey as to average number of paging units per population basis, made by Beeper.

■ Hearsay evidence is not grounds for reversible error in an administrative hearing where the order is supported by other competent evidence.[4] Beeper further

supported its application by testimony it intended to offer several services protestant does not have available, such as silent units, units with battery rechargers, group signals and dual address services. Silent pagers have been on the market for a long time, but protestant has not sold them in the Tulsa area.

Protestant's witness testified the company had a waiting list for units but that it intended to fill the requests in the near future. Although protestant argues it is ready and able to offer any service to the public it desires, there is no evidence offered to substantiate this claim. Since 1965, when protestant obtained its license, it has not made these supplementary services available. Further under Beeper's evidence protestant has only supplied ⅕ the number of units which would normally be used in a city the size of Tulsa.

Only two cases have been decided under this statute since its enaction. *Corporation Commission v. Radiocall Paging Service,* 519 P.2d 1360 (Okl.1974) cert. denied, 419 U.S. 840, 95 S.Ct. 71, 42 L.Ed.2d 68, upheld the granting of a license under this act to a third paging service in the Oklahoma City area. The court there said public needs under this act should not go unserved because of a claimed preferential right of protestant. It held evidence supported Commission's granting of the certificate.[5]

We have reviewed the evidence tending to support the order of the Commission, here appealed. We find the order is supported by substantial evidence.[6]

AFFIRMED.

All the Justices concur.

3. In a different context see *Swatek v. Board of Regents of Oklahoma Colleges,* 535 P.2d 295 (Okl.1975); *Bartlett v. Atkins,* 67 Okl. 181, 169 P. 1076 (1918); *Unger v. Shull,* 154 Okl. 277, 7 P.2d 881 (1931); Also see *Braley v. Cody,* 575 P.2d 1361 (Okl.1977).

4. See *Muskogee Gas & Electric Co. v. State,* 81 Okl. 176, 186 P. 730 (1920); *Holzbierlein v. State,* 197 Okl. 509, 172 P.2d 1007 (1946); *Oklahoma Hardware Co. v. Common Carrier Division,* 405 P.2d 87 (Okl.1965); *Lake Shore*

*Motor Coach Lines, Inc. v. Welling,* 339 P.2d 1011 (Utah 1959).

5. The other decision under the act is *Answering, Inc. v. Corporation Commission,* 521 P.2d 810 (Okl.1974).

6. *Cameron v. Corporation Commission,* 414 P.2d 266 (Okl.1966); *Barnes v. Transok Pipeline Co.,* 549 P.2d 819 (Okl.1976).