# THE SUPREME COURT

OF THE

# STATE OF NEVADA

## JULY TERM, 1921

[No. 2481]

W. F. EDWARDS, Appellant, *v.* CITY OF RENO (a
Municipal Corporation), and H. E. STEWART,
W. J. PICKEREL, GEORGE F. SMITH, R. J.
FRISCH, S. E. ROSS, C. H. DUBORG, and C. C.
BRIDGMAN, as the Mayor and City Council
Thereof, Respondents.

[198 Pac. 1090]

1. Pleading — Demurrer Held Not to Admit Infirmities in
Improvement. Proceedings.

In a suit against a city and its officers to annul a contract
for paving and restrain defendants from consummating the
contract or incurring expenses in which it was alleged that
the acceptance of bids and awarding of the contract consti-
tuted a material and substantial departure from the terms of
the estimates, maps, diagrams, notice, and advertisement for
bids, and was made without notice or hearing except an ex
parte hearing, a demurrer to the complaint did not admit as
true the infirmities alleged.

2. Appeal and Error—Moot Character of Question May Be
Shown at Any Time.

The fact that there is no controversy between parties to
the record may be shown at any time before the decision of
the case, though the questions involved had become moot
before the judgment appealed from was rendered, and the
point was not raised in the lower court.

3. Appeal and Error—Moot Questions Not Decided.

Appellate courts do not give opinions on moot questions or
abstract propositions.

4. APPEAL AND ERROR—APPEAL DISMISSED WHEN TAX SOUGHT
TO BE ENJOINED PAID UNDER PROTEST.

Treating a suit against a city and its officers to vacate
a paving contract and restrain defendants from consummating
the contract as analogous to an action to enjoin the collec-
tion of an illegal assessment or tax, an appeal by plaintiffs
will be dismissed, where the contract has been fully performed
pending the action, and plaintiffs have paid the assessment in
full, though under protest.

APPEAL from Second Judicial District Court, Washoe
County; *Edward F. Lunsford*, Judge.

Action by W. F. Edwards against the City of Reno
and others. From a judgment dismissing the action on
demurrer, plaintiff appeals. **Motion to dismiss appeal
granted. Petition for rehearing denied.**

*Augustus Tilden*, for Appellant:

The question before the court is as to whether or not
appellant paid under compulsion. Peyser v. Mayor, 70
N. Y. 497; Purcell v. Mayor, 85 N. Y. 330. The general
rule is that "money paid under an illegal assessment
cannot be recovered without first setting the assessment
aside." 28 Cyc. 1207.

The city charter itself contemplates the repayment
of illegal assessments, and expressly provides for the
refund or reapplication of the money paid, after "any
court of competent jurisdiction shall adjudge such
assessments to be illegal" and this without provision for
protest, unless such provision be implied. Reno Char-
ter, 1920 ed., p. 19.

*LeRoy F. Pike*, City Attorney, and *Harwood & Tip-
pett*, for Respondents:

The appeal should be dismissed. An appellate court
will not consider moot questions. 4 C. J. 575; Pacific L.
Co. v. Mason Valley M. Co., 39 Nev. 105; Wedekind v.
Bell, 26 Nev. 395; 2 R. C. L. par. 145.

"Where the acts sought to be enjoined are performed
pending an appeal from the order, the proceedings in
error will be dismissed." 4 C. J. 584; Holter v.

Wagoner, 142 N. W. 175; Barber Asphalt P. Co. v. Hamilton, 141 Pac. 199; Carr v. Montesano, 136 Pac. 363; Weibke v. Ft. Wayne, 115 N. E. 355; Cruse v. Slagle, 99 Atl. 669; Thompson v. Vold, 165 N. W. 1076.

The appellate court will not retain the case to determine an incidental question of costs. When the sought-for remedy of injunction failed, all other incidental matters went down with it. Weibke v. Ft. Wayne, supra; Holter v. Wagoner, supra.

Appellant can never recover his taxes, because they were not paid under duress. A mere protest, under any circumstances disclosed, is not an involuntary payment; and under the express provisions of the city charter the property is bound whether the assessment was legal or illegal. Dillon, Mun. Corp, vol. 4, secs. 1617, 1618, 1624; Lamborn v. Dickinson County, 97 U. S. 181; Railroad v. Dodge County, 98 U. S. 541; Palo Marys L. Co. v. Los Angeles County, 80 Pac. 931; Reno Charter, Stats. 1915, p. 263; Bank v. Americus, 45 Am. Rep. 476; Radich v. Hutchins, 95 U. S. 2110.

By the Court, SANDERS, C. J.:

It appears from the complaint in the court below that the city of Reno, in January, 1920, passed and adopted Ordinance No. 264, entitled:

"An ordinance declaring the determination of the city council of the city of Reno to make certain improvements in the various wards in the city of Reno, by constructing, grading and paving, with concrete, bitumen or asphaltum certain streets and alleys and portions of streets in said city; and constructing granite header stone along certain streets; describing definitely the location of said improvements; providing that the costs and expense thereof shall be paid entirely by special assessment, upon and against the lots and premises abutting or fronting on said improvements in accordance with their number of feet frontage, except where, by the charter of the city of Reno, certain portions thereof are required to be paid from the general

fund of said city of Reno; providing for the issuance of special assessment bonds for the payment thereof, and other matters relating thereto."

Pursuant to its charter and Ordinance No. 264, it passed and adopted Ordinance No. 265, entitled:

"An ordinance empowering, authorizing, and directing the city assessor of the city of Reno, county of Washoe, State of Nevada, to levy a special assessment to defray the costs of making certain improvements in the various wards in the city of Reno, by constructing, grading, and paving with concrete, bitumen or asphaltum, certain streets, and alleys, and portions of streets, in the said city, and constructing granite header stone along certain streets, according to the plans and estimates of cost thereof on file in the office of the city clerk of the city of Reno, describing definitely the location of said improvements, stating the amounts of said assessment and designating the lots, lands, and premises to be assessed, stating that the same shall be assessed according to frontage, providing for the issuance of special assessment bonds for the payment thereof, and other matters relating thereto."

Pursuant to the terms of Ordinance No. 264, and our statute law (Rev. Laws, 1530), the city council of Reno caused to be published a notice, dated January 31, 1920, entitled:

"Notice to Bidders for Street Paving in the City of Reno.

"Notice is hereby given that the city council of the city of Reno, Nevada, will receive sealed bids up to 8 o'clock p. m., March 8, 1920, said bids to be filed with the city clerk of the city of Reno, and to be for the following work:

"Bid No. 1—400,000 square feet of cement concrete pavement.

"Bid No. 2—635,000 square feet of cement concrete pavement.

"Bid No. 3—115,000 square feet of sheet asphalt pavement.

"Bid No. 4—235,000 square feet of bitulithic pavement on a cement concrete base.

"Bid No. 5—145,000 square feet of bitulithic pavement on a rock macadam base.

"Bid No. 6—90,000 square feet of bitulithic pavement on a concrete base.

"For specifications and locations of proposed work, bidders shall apply to the office of the city engineer of the city of Reno.

"Bidders may bid on any one or all of the above bids.

"The city council reserves the right to accept or reject any and all bids."

Thereafter divers bids, based on estimates, plats, diagrams, proceedings, ordinances, and notice to bidders, were received by said city council. On the 27th day of February, 1920, said council, without previous notice or advertisement or published notice, caused to be prepared and mailed, or otherwise privately delivered to each of said bidders, a letter, in words and figures following, to wit:

"Dear Sir: Am sending you today under separate cover 'Specifications Form of Contract,' etc., of the proposed work for street improvement for the city of Reno.

"The city of Reno is asking for the following bids, to be received up to 8 o'clock p. m. Monday, March 8, 1920, in addition to those advertised for:

"635,000 sq. ft. of bitulitic or asphaltic concrete pavement, 1½ inches thick on a 3½-inch asphaltic concrete base.

"310,000 sq. ft. of bitulitic or asphaltic concrete pavement, 1½ inches thick on a rock macadam base.

"310,000 sq. ft. bitulitic or asphaltic concrete pavement, 1½ inches thick on a 3½-inch asphaltic concrete base.

"On all asphalt pavement, the contractor to furnish all materials.

"Yours very truly,

"Harry Chism, City Engineer."

Thereafter, on the 9th day of March, 1920, the city council rejected all bids as provided for the performance of said improvements in the area specified with "concrete," and accepted a bid and let a contract for the performance of said work or improvements with "bitulithic concrete."

W. F. Edwards and A. P. Laffranchino, for the benefit of themselves and all others similarly affected, brought their action against the city of Reno, its mayor and city council, seeking to have the contract let or about to be let for the paving of its streets and alleys with "bitulithic concrete" vacated and annulled, and praying that defendants be restrained from consummating the contract, and, if the same has been entered into, from proceeding or incurring or paying any expense thereunder until the further order of the court, and that said restraining order, after hearing, be made permanent, and that a mandatory injunction issue, requiring defendants to proceed to entertain bids for the performance of said work or improvements as provided in the ordinances, estimates, maps, diagrams, and notice to the public, inviting objections and suggestions, and the advertisement for bids. The gravamen of the complaint is that the acceptance of the bid or bids, and awarding the contract for bitulithic concrete, constitutes a material and substantial departure from the terms of the estimates, maps, diagrams, notice, and advertisement for bids, and that such departure is unfair to and a fraud upon the owners of property to be benefited by said improvements, and was made without notice to or hearing given said owners, and without any hearing had as to the respective merits of said materials, except an ex parte hearing granted to the proponents of said material called "bitulithic concrete," a patented article, bearing a patented name.

Defendant interposed a demurrer to the complaint, which was sustained. Thereafter an amended complaint was filed and served, which was also demurred

to, and the demurrer was sustained. The plaintiff declined to further amend, and judgment was entered, dismissing the action. The plaintiff, Edwards, appeals from the judgment on the judgment roll alone. Upon the filing of his appeal, respondents, upon notice previously given, moved the court to dismiss the appeal upon the grounds, in short, that between the date of the commencement of the action and the final judgment of dismissal the record presents only a "moot question." In support of the motion are the affidavits of the assistant city engineer and the city clerk of Reno. The affidavit of said clerk, among other things, states that a contract had been entered into between the city of Reno and the Clark & Henery Construction Company, a corporation, for the grading and paving with bitulithic concrete and bitulithic material covering the streets and alleys referred to in the ordinances, resolutions, and proceedings set forth in appellant's amended complaint, on March 10, 1920; that pursuant to the ordinances and proceedings of said city council, an assessment was levied upon the property abutting upon said streets and alleys, amounting to the sum of $136,071.96, and that the property owners so assessed have paid all of such assessment, except the sum of $34,626.21, which latter sum is a lien upon the property so assessed; that bonds of the city of Reno were issued and sold to pay for the paving of street intersections and to cover the assessment not paid in cash by the property owners (and not paid out of the general fund of the city) in the sum of $24,626.98; that W. F. Edwards paid the amount so assessed against his property in full in cash on the 22d day of April, 1920; that the entire contract has been performed and completed, and the streets and alleys have been graded and paved, as contemplated by the ordinances, resolutions, and proceedings, and that all of the money, amounting to the total sum of $160,698.94, has been paid, except the sum of $500, withheld by the city as a guaranty fund for the replacing of any faulty

pavement or defects, etc. The affidavit of the assistant city engineer contains the statement that the contract in question had been fully executed, performed, and completed on November 23, 1920, and the work required thereby was finally accepted and approved by affiant on November 23, 1920.

In opposition to the motion to dismiss, appellant caused to be filed an affidavit containing the statement that in April, 1920, the city treasurer of respondent issued to appellant two certain bills or demands for the sums due upon the assessments involved in this action and appeal, aggregating $326.50, upon the face of which is printed a statement to the effect that if the amount therein mentioned was not paid on or before the 22d day of April, 1920, the amount could not be paid except in ten annual installments, with interest on deferred payments at the rate of 7 per cent per annum; that affiant, upon instructions from appellant, paid the amount under protest on the 22d day of April, 1920, and upon the receipts for said payments so made is written the words, "Paid under protest," which bills or demands and receipts are exhibited with the affidavit.

1. It is urged by brief, and was argued orally by the appellant's counsel, that the demurrer to the complaint admits as true the specifications of the divers infirmities in the assailed assessment, and that to sustain the motion to dismiss would impose a lien upon the holdings of all those nonpaying property owners in the sum of $24,426.98, based upon an admittedly illegal and void assessment. We do not understand that the demurrer carries with it such an admission or concession, or is to be so construed.

2. It is also urged in opposition to the motion to dismiss that the opinion of the court below was rendered in October, 1920, nearly six months after the payment under protest of the amount assessed against appellant's property, and that the point now urged for dismissal was as available then as now, yet it was not raised in

the court below, and, had it been urged in the court below, appellant would have had his legitimate opportunity to amend. In support of this position our attention is directed to this court's denouncement of the practice of reserving a material point with the object of barring an adversary of an opportunity to amend. Commending, as we do, its disapproval of such practice as being contrary to "the spirit of the code" (Treadway v. Wilder, 8 Nev. 92; Cal. Tel. Co. v. Patterson, 1 Nev. 150), we do not think counsels' conduct has any bearing upon the question here presented. The fact that there is no controversy between parties to the record ought, in the interest of a pure administration of justice, to be allowed to be shown at any time before the decision of the case. Little v. Bowers, 134 U. S. 558, 10 Sup. Ct. 620, 33 L. Ed. 1016.

3. Appellate courts do not give opinions on moot questions or abstract propositions. Pac. Live Stock Co. v. Mason Valley M. Co., 39 Nev. 105, 153 Pac. 431. This court has gone so far as to hold that, where parties to an appeal settle the controversy, the appeal will be dismissed, though the case has been argued and submitted. Wedekind v. Bell, 26 Nev. 395, 69 Pac. 614, 99 Am. St. Rep. 704.

4. It is further urged that, appellant having paid the assessment under protest, no moot question is presented, and appellant's rights in the premises still rest upon the legal sufficiency of his cause of action. Treating the case and relief sought as a proceeding analogous to that of an action to enjoin the collection of an illegal assessment or tax, upon reason and authority we are of the opinion that, the contract sought to be canceled having been fully performed and the appellant having paid the assessment in full, even though under protest, we should sustain the motion. The rule is well established that:

"When an appeal is taken from an order dissolving or denying a preliminary injunction, or dismissing the bill,

and, pending the appeal, the act sought to be restrained has been accomplished, that fact, upon being brought to the attention of the reviewing court by motion, supported by affidavit, affords sufficient ground for dismissing the appeal, the dismissal being without prejudice * * * So, upon an appeal from a decree dismissing a bill brought to enjoin the collection of taxes, the payment of such taxes pending the appeal affords good reason for dismissing the appeal." High on Injunctions (4th ed.), sec. 1701a.

In Singer Manufacturing Co. v. Wright, 141 U. S. 696, 12 Sup. Ct. 103, 35 L. Ed. 906, the court said:

"We are relieved from a consideration of the interesting questions presented as to the validity of the legislation of Georgia, levying a license tax upon dealers in sewing machines. * * * The taxes being paid, the further prosecution of this suit to enjoin their collection would present only a moot question, upon which we have neither the right nor the inclination to express an opinion. * * * The payment of the taxes was, it is true, made under protest, the complainant declaring at the time that they were illegal, and that it was not liable for them; that the payment was made under compulsion of the writ; and that it intended to demand, sue for, and recover back the amounts paid. If this enforced collection and protest were sufficient to preserve to the complainant the right to proceed for the restitution of the money, upon proof of the illegality of the taxes, such redress must be sought in an action at law. It does not continue in existence the equitable remedy by injunction, which was sought in the present suit. The equitable ground for the relief prayed ceased with the payment of the taxes."

See, also, San Mateo v. Southern Pacific Ry. Co., 116 U. S. 138, 6 Sup. Ct. 317, 29 L. Ed. 589; Tomboy Gold Mines Co. v. Brown, 74 Fed. 12, 20 C. C. A. 264.

The action in the case at bar having been dismissed, and, during its pendency, the act sought to be restrained having been performed, that fact, upon being brought to

the attention of this court by motion, supported by affidavit, affords sufficient ground for dismissing the appeal.

The motion to dismiss the appeal is granted.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.