# IN THE SUPREME COURT OF THE STATE OF NEVADA

JPMORGAN CHASE BANK, N.A.,
Appellant,
vs.
GUBERLAND LLC-SERIES 2,
Respondent.

No. 73196

FILED

MAY 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing de novo the order granting respondent summary judgment and denying appellant summary judgment, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse.

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev., Adv. Op. 36, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). Here, the district court determined that the Federal Foreclosure Bar did not apply to prevent the first deed of trust from being extinguished by the HOA's foreclosure sale. The district court found that Freddie Mac did not have a security interest in the property because Freddie Mac and appellant JPMorgan Chase Bank, N.A., the deed-of-trust beneficiary by recorded

19-23679

assignment, did not have an agency relationship and no recorded assignment of the deed of trust to Freddie Mac existed.

However, this court has recognized that when different parties hold the promissory note and the deed of trust, the note remains secured "if there is *either* a principal-agent relationship between the note holder and the mortgage holder, *or* the mortgage holder 'otherwise has authority to foreclose in the [note holder]'s behalf.'" *In re Montierth*, 131 Nev. 543, 547, 354 P.3d 648, 651 (2015) (emphasis added) (quoting Restatement (Third) of Prop.: Mortgages § 5.4 cmts. c, e (1997)). Thus, when such relationship or authority exists, the loan holder maintains secured status under the deed of trust even when not named as the deed's record beneficiary. *Id.* at 547-48, 354 P.3d at 650-51.

On appeal, Chase argues that Freddie Mac held the promissory note and, because Freddie Mac's Servicing Guide authorized Chase to act under the deed as note servicer, Freddie Mac maintained a property interest in the deed under *Montierth*. Below, the district court found that Chase failed to introduce admissible evidence showing that Freddie Mac owned the loan. We disagree. Dean Meyer's declaration and the supporting computer printouts satisfy NRS 51.135's standard for admissibility. *See U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1044 (9th Cir. 2009) ("It is not necessary for each individual who entered a record . . . into the database to testify as to the accuracy of each piece of data entered."); 30B Charles Alan Wright & Jeffrey Bellin, *Federal Practice and Procedure* § 6863 (2017) ("The question of the sufficiency of the foundation witness' knowledge centers on the witness' familiarity with the organization's record keeping practices, not any particular record. Thus, the witness need not be able to attest to the accuracy of a particular record or entry. If knowledge

were required as to each particular entry in a record, document custodians could rarely satisfy the requirements of [the federal analog to NRS 51.135]." (internal quotation marks and footnotes omitted)).[1]

Additionally, respondent Guberland LLC-Series 2 contends that Chase needed to introduce evidence of the actual loan servicing agreement between Chase and Freddie Mac to demonstrate Chase's authority. We disagree. Here, the evidence provided by Chase and Freddie Mac shows that both entities confirmed Chase's status as Freddie Mac's loan servicer,[2] this combined with the authorizations in the Freddie Mac Servicing Guide that are generally applicable to Freddie Mac's loan servicers, was sufficient to show that Freddie Mac maintained a property interest and Chase, as servicer, was authorized to assert the Federal Foreclosure Bar on Freddie Mac's behalf. *See Berezovsky v. Moniz*, 869 F.3d 923, 932-33 & n.8 (9th Cir. 2017) (determining similar evidence was sufficient to establish Fannie Mae's contractual authorization of its loan servicer in the absence of contrary evidence).

Next, the district court found and Guberland argues that, even if Freddie Mac had an interest in the deed of trust, Guberland established free and clear title to the property as a bona fide purchaser under NRS 106.210 and 111.325 because both Chase and Freddie Mac failed to record an assignment demonstrating Freddie Mac's interest in the deed of trust.

---

[1]We likewise are not persuaded by Guberland's other admissibility-related arguments.

[2]We note that such evidence was absent in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 252, 396 P.3d 754, 758 (2017), and that *Nationstar* therefore does not support Guberland's position.

However, the assignment of the deed of trust was recorded in 2012 in conformance with NRS 106.210, and Nevada law does not require the deed of trust to name the note owner. *Berezovsky*, 869 F.3d at 932. Therefore, Guberland had notice of the deed of trust and is not a bona fide purchaser.[3] Accordingly, the Federal Foreclosure Bar precluded extinguishment of the deed of trust and Guberland cannot overcome that preclusion by claiming bona fide purchaser status, such that summary judgment in Chase's favor was warranted. Because the district court erred in granting Guberland summary judgment and denying Chase summary judgment, we

ORDER the judgment of the district court REVERSED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[3]Because Guberland is not a bona fide purchaser, we decline to reach Chase's preemption argument. *Edwards v. City of Reno*, 45 Nev. 135, 198 P. 1090, 1092 (1921) ("Appellate courts do not give opinions on moot questions or abstract propositions."). We also do not consider appellant's last argument regarding whether *Facklam v. HSBC Bank*, 133 Nev. 497, 401 P.3d 1068 (2017), overruled *SFR Investments Pool 1 v. U.S. Bank*, 130 Nev. 742, 334 P.3d 408 (2014), because it was not raised below. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

cc: Hon. Joseph Hardy, Jr., District Judge
Janet Trost, Settlement Judge
Smith Larsen & Wixom
The Medrala Law Firm, Prof. LLC
Fennemore Craig P.C./Reno
Eighth District Court Clerk