# IN THE SUPREME COURT OF THE STATE OF NEVADA

COGBURN STREET TRUST,
Appellant,
vs.
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR IN
INTEREST TO WACHOVIA BANK,
NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE HOLDERS OF
THE BANC OF AMERICA FUNDING
CORPORATION MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2004-C,
Respondent.

No. 74516

FILED

MAY 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment, certified as final under NRCP 54(b), in a quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

This appeal arises from a quiet title action between Cogburn Street Trust (Cogburn) and U.S. Bank (the Bank). Cogburn bought the subject property at an HOA foreclosure sale and subsequently filed a complaint in district court to quiet title against the Bank, the first deed of trust holder. Both parties filed competing motions for summary judgment, and the district court found, among other things, that Cogburn took title to the property subject to the Bank's deed of trust because the sale only foreclosed on the HOA's subpriority portion of its lien.

On appeal, we consider whether the district court erred by finding that Cogburn took title to the property subject to the Bank's first deed of trust after the HOA foreclosure sale. We conclude that the district

19-23680

court arrived at the right conclusion but for the wrong reasons. First, the Bank gave legal tender to the HOA prior to the HOA sale, extinguishing the HOA's superpriority portion of the lien. As a result, the HOA foreclosure sale necessarily only included the subpriority portion of the lien. Furthermore, Cogburn had notice that the sale was only for the subpriority lien, and therefore the district court correctly concluded that the trust was not a bona fide purchaser. Finally, it follows that the district court did not grant the Bank equitable relief, because when Cogburn purchased the property at the HOA foreclosure sale on the subpriority lien, it took title to the property subject to the Bank's recorded first deed of trust. Therefore, we affirm the district court's summary judgment.[1]

First, Cogburn argues that the Bank did not give legal tender because it was conditional, unrecorded, and did not include costs other than assessment fees, and therefore, Cogburn rejected the tender in good faith. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018), resolves these issues. A valid tender of payment in full discharges a lien. *SFR*, 134 Nev., Adv. Op. 72, 427 P.3d at 117. An HOA superpriority lien only includes "charges for maintenance and

---

[1]We have carefully considered Cogburn's additional arguments but find they have no merit. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 133 Nev. 28, 388 P.3d 970 (2017) (NRS Chapter 116 is constitutional); *K&P Homes v. Christiana Trust*, 133 Nev. 364, 398 P.3d 292 (2017) (*SFR Investments Pool 1, LLC v. U.S. Bank*, 130 Nev. 742, 334 P.3d 408 (2014) applies retroactively). We do not reach Cogburn's argument that the Bank did not prove the foreclosure sale contained fraud, unfairness, or oppression; the district court found in Cogburn's favor on this issue below, and it does not affect our analysis here. NRAP 3A(a); *Vill. League to Save Incline Assets, Inc., v. State*, 133 Nev. 1, 7, 388 P.3d 218, 223 (2017).

nuisance abatement, and nine months of unpaid assessments."[2] *Id.* When a party does not indicate the existence of any charges for maintenance or nuisance abatement fees, a check totaling nine months' worth of assessment fees satisfies the superpriority lien. *Id.*, 427 P.3d at 118. A valid tender may include conditional language stating "that acceptance of the tender would satisfy the superpriority portion of the lien, preserving [the Bank's] interest in the property." *Id.* A tender for an HOA superpriority lien need not be recorded because the tender "does not create, alienate, assign, or surrender an interest in land," but instead preserves an existing interest in land. *Id.*, 427 P.3d at 119.

Here, the record does not demonstrate that the HOA requested nuisance abatement or maintenance fees, and the Bank tendered more than nine months' worth of unpaid assessment fees. The letter accompanying the tender included only conditional language deemed legally acceptable under Nevada law, and the Bank was not required to record the tender. While Cogburn argues the HOA rejected the tender in good faith, the record demonstrates that the HOA's rejection was based on incorrect legal conclusions. Therefore, the district court erred by concluding that there was no tender in this case.

Next, Cogburn argues that the HOA foreclosure sale included the superpriority lien, and that the district court improperly granted the Bank equitable relief by finding that the HOA did not foreclose on its superpriority lien. However, we conclude that the Bank's tender

---

[2]*SFR* (2018) is interpreting NRS 116.3116(2) (2012). Although the tender in this case took place in 2011 and therefore occurred under NRS 116.3116(2) (2009), the subsection at issue is identical, and therefore we conclude that *SFR* (2018) applies here.

extinguished the HOA's superpriority lien. As a result, the HOA foreclosure sale necessarily only included the subpriority lien, and an HOA may nonjudicially foreclose on its subpriority lien. *See SFR* (2014), 130 Nev. at 751, 334 P.3d at 414-15. A valid foreclosure on a lien extinguishes all junior liens, but all senior liens remain. *See SFR* (2014), 130 Nev. at 747, 334 P.3d at 412; Restatement (Third) of Prop.: Mortgages § 7.1 (1997) ("A valid foreclosure of a mortgage terminates all interests in the foreclosed real estate that are junior to the mortgage being foreclosed and whose holders are properly joined or notified under applicable law."). An HOA's subpriority lien is junior to a first deed of trust. *SFR* (2014), 130 Nev. at 745, 334 P.3d at 411.

We conclude that when the HOA foreclosed on the property, it foreclosed on its subpriority lien, and Cogburn took title to the property subject to the Bank's first deed of trust.[3] Below, the district court reasoned that Cogburn took title to the property subject to the Bank's first deed of trust because the sale did not include the superpriority lien, since the sale crier's announcement, the signed bidding instructions, and the first trustee's deed upon sale all stated that the sale did not include the superpriority lien. The district court arrived at the correct conclusion, albeit for the wrong reason, and therefore, we affirm the district court's decision. *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").

_____

[3]Accordingly, Cogburn's arguments regarding whether an HOA may split its lien and whether the district court properly granted equitable relief become moot, and we do not consider them. *Edwards v. City of Reno*, 45 Nev. 135, 143, 198 P. 1090, 1092 (1921) ("Appellate courts do not give opinions on moot questions or abstract propositions.").

Finally, Cogburn argues that because the Bank did not record its tender, Cogburn is a bona fide purchaser and took title to the property free of the Bank's deed of trust. The Bank responds that Cogburn had notice that the foreclosure sale did not include the superpriority lien, and therefore Cogburn cannot be a bona fide purchaser. Below, the district court found that Cogburn was not a bona fide purchaser because the sale crier announced, and the signed bidding instructions stated, that the sale did not include the HOA's superpriority lien.

A bona fide purchaser takes property "for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry." *Shadow Wood Homeowners Association, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 64, 366 P.3d 1105, 1115 (2016) (internal quotations and citation omitted). Cogburn largely relies on *Shadow Wood*, but that case is distinguishable here because, there, the evidence did not show that the subsequent purchaser had any notice of a dispute between the bank and the HOA. *Id.* at 65-66, 366 P.3d at 1116.

Here, in contrast, the sale crier's announcement, the bidding instructions signed by Cogburn's principal, and the first trustee's deed upon sale all stated that the sale did not include the HOA's superpriority lien. Additionally, the trustee sales officer testified in her deposition that it was her understanding that the sale did not include the superpriority lien, and Cogburn's counsel acknowledged that the sale crier stated at the time of sale that the sale did not include the superpriority lien. The evidence demonstrates that Cogburn had ample notice that the sale did not include the superpriority lien, and because the bank had previously recorded its

deed of trust on the property, Cogburn had notice of the bank's interest in the property and is not a bona fide purchaser. Therefore, we conclude that the district court properly found no genuine issue of material fact and summary judgment was appropriate under these facts. Accordingly we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Joseph Hardy, Jr., District Judge
John Walter Boyer, Settlement Judge
Law Offices of Michael F. Bohn, Ltd.
Wright, Finlay & Zak, LLP/Las Vegas
Eighth District Court Clerk