[No. 1118.]

## PETER WUEST, APPELLANT, v. ELIZABETH WUEST, RESPONDENT.

MARRIAGE AND DIVORCE—COMMON LAW.—The law of marriage and divorce, as administered by the ecclesiastical courts, is a part of the common law of this country, except as it has been altered by statutes.

IDEM—AFFIRMATIVE RELIEF TO DEFENDANT.—A defendant in an action of divorce is, under the rules of the common law, entitled to affirmative relief.

DIVORCE FOR EXTREME CRUELTY—COURT CAN AWARD SEPARATE PROPERTY OF GUILTY HUSBAND—SUPPORT OF CHILD.—In construing sections 23, 25, 27 of the divorce act, and reviewing the facts of this case: *Held*, that the court

has the power to award (and that it did not abuse its discretion in award-
ing) all of the property of the husband to the wife, and requiring him to
pay twenty dollars per month for the support of an infant child.

IDEM—COUNSEL FEES.—Having awarded all the property of the husband to the
wife: *Held*, that the court erred in ordering the husband to pay three
hundred dollars as counsel fees to the attorney for the wife.

APPEAL from the District Court of the Fourth Judicial
District, Humboldt County.

The facts are stated in the opinion.

*C. S. Varian*, for Appellant:

I. The cruelty of the plaintiff, upon which this decree is
founded, is not a counter claim within the meaning of the
civil practice act. (Secs. 46, 47.)

II. The courts have no power to decree divorces at the
instance of defendants. (1 Bish. on M. & D., sec. 3, *et seq.*)

III. Marriage is a contract *sui generis*, and the rules of
law applicable in enforcing other contracts do not apply to it.
(*Duntze* v. *Levett*, 3 Eng. Ec. 360; *Townsend* v. *Griffin*, 4
Harrington 440; *Ditson* v. *Ditson*, 4 R. I. 87, *et seq.*; *Maguire*
v. *Maguire*, 7 Dana 181; *Dickson* v. *Dickson*, 1 Yerg. 110;
*Gordon* v. *Pye*, 3 Eng. Ec. 430–468.)

IV. The action for relief under the divorce act does not arise
upon contract, and the complaint of the appellant cannot be
counter claimed under second paragraph of section 47. Neither
is the alleged cruelty of the plaintiff "a cause of action aris-
ing out of the transaction set forth in the complaint as the
foundation of the plaintiff's claim;" for *that* is the alleged
adultery of the defendant, and manifestly the *cruelty* of appel-
lant does not "arise out of" the *adultery* of respondent. It
necessarily follows, therefore, that if the respondent can
obtain affirmative relief at all in the same action, her cause of
action must be "connected with the subject of the action."
Subject is defined to mean "that of which anything is
affirmed or predicated" (Webs. Dic.); "the subject of a
proposition is that concerning which anything is affirmed or
denied" (Watts); "that which is brought under thought or
examination; that which is taken up for discussion" (Milton).
It is plain that the *subject* of a discussion is the *cause* of the

discussion. In every action something must necessarily be affirmed by the plaintiff. The matter affirmed is the *subject* of his complaint to the court—that is, of his action. It is also his cause of action, and is manifestly distinct from the *object* of his action, which is the relief sought. In this case the *subject* of plaintiff's action, *i. e.*, what he complains of, is the alleged adultery of the defendant. The *effect* of this act upon his right to the marriage status before mentioned is not his predicate at all. There is nothing in the act relating to marriage and divorce which authorizes relief to be granted to a defendant. The language clearly implies that a divorce is only to be granted upon the application of a plaintiff.

V. Our practice is to be determined solely by the practice act. (Secs. 36, 37, 38; *Lake* v. *Lake*, recently decided.) In the reported cases from other states, where a counter claim or cross petition in these actions is allowed, the statutes give express authority to the courts. (*Owen* v. *Owen*, 54 Ga. 527; Georgia Code, 1873, p. 298, sec. 1718; *Jenness* v. *Jenness*, 24 Ind. 355; Laws of Ind., 1859, p. 109, sec. 4; 1 Wagner's Rev. Stat. Mo., 533, sec. 3; Rev. Stat. Ill., 1877, sec. 6, 414.)

VI. There is direct authority construing the identical section under discussion here, and in the same way and to the same effect. (*Henry* v. *Henry*, 3 Rob. 614; *H.* v. *H.*, 40 Barb. 9; *Chamboret* v. *Cagney*, 2 Sweeney, 383; *Lehmair* v. *Griswold*, 40 N. Y. Sup. Ct. 100; 15 N. Y. 505.)

VII. The court erred in awarding all or any of appellant's property, absolutely, to respondent. Under our law, in the absence of ante-nuptial contract, the wife brings no property to the husband. That owned by her before, and acquired in her separate right after marriage, remains her own. The divorce law has no reference to it. Therefore the reasons to be found in the opinions of judges and of text writers (2 Bish. M. & D., secs. 351, 481, *et seq.*) for decreeing specific property to the wife do not exist. The legislature has determined that the wife shall be entitled to the same proportion of the husband's estate as if he were dead, in certain cases, and none other. In all other cases of divorce she is only to have property set apart for her support. This simply amounts

to alimony, as known in ecclesiastical law.    (2 Bish. M. & D.,
sec. 427; *Maguire* v. *Maguire*, 7 Dana, 187.)    In North Car-
olina, under a statute authorizing the court to '' assign to her
separate use such part of the real and personal estate of the
husband as the court shall  think fit,'' it was held that specific
property—that is, the title—could not be transferred to the
wife.    (*Rogers* v. *Vines*, 6 Ired. 293.)    This whole doctrine of
alimony and the rights under it are based upon the necessities
of the wife and the husband's duty to afford her a support.
(2 Bish. M. & D., sec.. 369, *et seq.*)    If she has a separate
estate, sufficient in itself, alimony or a support is not awarded
her.    (Sec. 375.)    It ceases at her death or marriage, for
obvious reasons.    (Bishop, secs. 421, 479; *Albee* v. *Wyman*,
10 Gray 222; *Bowman* v. *Worthington*, 24 Ark. 522, 538.)

*J. H. Windle*, for Respondent:

I. The district court had full power and jurisdiction in this
case to render the decree complained of.    The English ecclesi-
astical law is a part of the common law of this state.    (1 Bish.
M. & D. 5 ed. 48–50–56.)    If the English procedure is not
repugnant to the American practice, and the American pro-
cedure has provided no course adapted to the particular case,
the English procedure will be followed.    (1 Bish. M. & D. 86;
2 Bish. M. & D. 316, 317, 318, and cases cited in notes.)

II. The civil practice act gives express authority for the
rule adopted in this case.    The statute has specified certain
acts or conduct constituting grounds of divorce, and, so far as
the matrimonial contract is concerned, the courts cannot dis-
tinguish between them, whatever difference there may be in a
moral point of view, and all the grounds under the statute
may be united in one complaint.    (Stat. 1875, 63; *Conant* v.
*Conant*, 10 Cal. 249; 2 Estee's Pl. 404, note 14.)    Sections 46
and 47, practice act, define what shall constitute a counter
claim or defense, and we claim that under the first sub-division
of section 47, there is express authority for the practice adopted
in this case.    (Van Santvoord's Plead. 612, 613, 614; Bliss on
Code Plead. 372, 374, *et seq.*; 2 Waits Pr. 427, *et seq.*)

III. The New York cases cited by appellant are not author-
ity in this state, on this point: There are two classes of divorce

cases under the statutes of New York; first, absolute, and second, limited, and all the decided cases proceed upon the theory that a defendant cannot set up by way of defense or counter claim facts constituting grounds for a limited divorce, when the plaintiff sues for an absolute divorce. It will be remembered that in New York an absolute divorce cannot be granted only on the grounds of adultery. (*Henry* v. *Henry*, 27 How. Pr. 5; *Griffin* v. *Griffin*, 23 How. Pr. 183; *Diddell* v. *Diddell*, 3 Abb. Pr. 167.) Causes for absolute cannot be joined with causes for limited divorce in New York. (Van Sant. Plead. 142; 5 Waits Pr. 698; *McIntosh* v. *McIntosh*, 12 How. Pr. 289: *Johnson* v. *Johnson*, 6 Johns. Ch. 163.)

IV. The court did not err in awarding to defendant the property described in the decree. The disposition of the property in these cases is left to the discretion of the court below. (Divorce Law, secs. 26, 27.) The wife should not be left in any worse condition, with respect to the property, than if death, instead of divorce, had dissolved the connection. (2 Bish. M. & D. 481.)

By the Court, BELKNAP, J.:

The first question presented by this appeal is, can a defendant in a divorce suit have affirmative relief?

In England the jurisdiction of divorce cases was committed to the ecclesiastical courts. Under the practice of these courts the parties were, says Mr. Bishop in his Commentaries on the Law of Marriage and Divorce (sec. 316, vol. 2), "in effect both plaintiff and defendant at the same time. So that, for example, one proceeded against for divorce *a mensa et thoro*, or for nullity of the marriage, or for restitution of conjugal rights, not only could bring forward a competent wrong done by the other party in defense of the suit, but, if he succeeded in his proofs, he could have the proper sentence rendered in his favor, as though he were the original plaintiff." (*Best* v. *Best*, 1 Ad. Ec. 411; *Clowes* v. *Clowes*, 3 Curt. Ec. 194.)

The law of marriage and divorce, as administered by the ecclesiastical courts, is a part of the common law of this country, except as it has been altered by statutes. (Bishop on M. & D., vol. 1, sec. 71, 79; *Le Barron* v. *Le Barron*, 35 Vt. 365; *J. G.* v. *H. G.*, 33 Md. 401.)

The statute of this state is silent as to the right of defendants to affirmative relief. In the absence of express legislation upon the matter a defendant may have such relief as the practice of the English courts would have afforded him, upon the ground that such practice has been adopted as part of our law.

The next objection arises upon the order made by the district court awarding all of the property of the plaintiff to the defendant, and requiring plaintiff to pay twenty dollars per month for the support of an infant child, the issue of the marriage.

This objection embraces the question of the competency of the district court to make a division of the separate property of a guilty husband. The divorce was granted upon the ground of extreme cruelty, and it is claimed that, because the relief was granted upon a ground other than conviction for a felony or for adultery, the court could only set apart for the use of the wife during her lifetime, or while she remained *sole*, a portion of her former husband's estate, but could not pass the property absolutely to her. The claim is based upon a construction sought to be placed upon section 27 of the divorce act (sec. 220, Comp. Laws), which is as follows: "When the marriage shall be dissolved by the husband being sentenced to imprisonment, and when a divorce shall be ordered for the cause of adultery committed by the husband, the wife shall be entitled to the same proportion of his lands and property as if he were dead; but in other cases the court may set apart such portion for her support and the support of their children as shall be deemed just and equitable." * * *

If this language is obscure, other provisions of the statute clearly show the intention of the legislature.

Section 23 of the act provides that compulsory process may be employed to obtain the appearance or answer of a defendant, "if it be necessary to the disposition of property;" and section 25 declares that, "in granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom

the property was acquired, and to the burdens imposed upon it, for the benefit of the children. And all property and pecuniary rights  *  *  *  not otherwise disposed of or regulated by the order of the court shall, by such divorce, be divested out of the guilty party, and vested in the party at whose instance the divorce was granted."

This language manifestly intended to confer upon the court power to make an equitable division of the property. In the argument, stress was laid upon the words of the statute, "the court may set apart such portion for her support," as showing an intention that a use shall be created out of the property for her benefit. The words "for her support," as thus used, show the purpose of the statute in making a division of the property to be to provide a support for an injured wife, and to this extent furnish a guide for courts in disposing of the property.

It is further claimed that the court abused its discretion in awarding all of the property to respondent, and requiring plaintiff to provide for the support of the infant child. The record does not contain any other evidence of the value of the property than this: It is alleged in the answer that the property is of the value of fifteen hundred dollars, and it is shown that upon the trial defendant testified to the truth of all of the allegations contained in her answer. Beside this the decree shows that appellant had recovered moneyed judgments against different parties, but there is nothing to show the ability of the judgment debtors to pay.

The statute contemplates that the division of property shall be graduated among other matters by the quality of the offense of the delinquent. Upon this point the evidence was not brought up, but enough is disclosed by the record to lead us to the conclusion that the husband's offense was of an aggravated character. At all events it is impossible for us to say, without a better understanding of the merits of the case or the value of the property than can be acquired from this record, that in the matters suggested, the court did not exercise a sound discretion.

After having awarded all of the property to the wife, the district court, by its decree, required appellant to pay the sum

of three hundred dollars as counsel fees to the attorneys for the respondent.

Appellant is a harness maker, and his income from his trade is very moderate. Under the circumstances no allowance for counsel fees should have been made.

The cause must be remanded, with instructions to the district court to modify its decree by striking out the allowance of the sum of three hundred dollars as counsel fees.

In all other respects the judgment is affirmed, with costs.