[No. 2132]

STATE OF NEVADA, EX REL. A. L. MARTHA HOWE, RELATOR, v. THOMAS F. MORAN, DISTRICT JUDGE OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, RESPONDENT.

[142 Pac. 534]

1. MANDAMUS—COMPELLING COURT TO ASSUME JURISDICTION.
    Where a district court wrongfully or erroneously divests itself of jurisdiction, or refuses to assume jurisdiction, *mandamus* is the proper remedy.

2. DIVORCE—RESIDENCE—RELIEF TO DEFENDANT.
    Under Civ. Prac. Act, sec. 252 (Rev. Laws, sec. 5194), providing that when defendant interposes a counterclaim, his right to a provincial remedy is the same as though he were plaintiff, section 259 (Rev. Laws, sec. 5201), providing that either party may, in the absence of the other, bring a cause to trial and proceed to judgment, and section 295 (Rev. Laws, sec. 5237), providing that an action may be dismissed or a judgment of nonsuit entered when the plaintiff fails to appear on the trial or abandons the cause, in which case judgment shall be rendered upon the merits, where plaintiff, in an action for divorce, failed to appear at the trial, defendant, who had filed a cross-complaint for divorce and injunction, was entitled to proceed to judgment for the full relief asked in the cross-complaint, though plaintiff alone had acquired the requisite residence within the state for the maintenance of an action for divorce.

3. DIVORCE—PROOF BY DEFENDANT OF RESIDENCE OF PLAINTIFF.
    Defendant, in such case, was entitled to prove the residence of the plaintiff in order to support the jurisdiction of the court to proceed to judgment.

ORIGINAL PROCEEDING in *mandamus* by the State, on the relation of A. L. Martha Howe, against Thomas F. Moran, District Judge of the Second Judicial District, in and for Washoe County. **Writ issued.**

*Chas. H. Burritt* and *A. Grant Miller*, for Relator.

*James Glynn, A. A. Heer,* and *George S. Brown*, for Respondent.

By the Court, McCARRAN, J.:

In this proceeding relator, A. L. Martha Howe, prays for a writ of *mandamus* to issue against the respondent,

as district judge of the Second judicial district court of the State of Nevada, to the end that case No. 10001, entitled *Edward C. Howe* v. *A. L. Martha Howe*, be reinstated, and that respondent be required to hear and determine the same. The original action sought to be reinstated is one in divorce, in which the plaintiff, Edward C. Howe, filed his complaint and obtained service of summons pursuant thereto upon defendant A. L. Martha Howe, under the provisions of our statute for substituted service by publication, and also by personal service upon the defendant in the city of Washington, D. C., said service being made on the 30th day of September, 1913. The defendant, petitioner herein, on the 27th day of January, 1914, filed in the district court a duly verified answer and cross-complaint in said action, in which cross-complaint petitioner, as defendant, prayed for affirmative relief; by way of absolute divorce and for an injunction against plaintiff. Thereafter, pursuant to motion on the part of the defendant, the court made an order directing payment, on the part of the plaintiff, of certain sums of money as attorney's fees, court costs, and for the taking of depositions.

On the 30th day of January, 1914, the plaintiff filed a verified replication to the answer of petitioner. Thereafter, on the 7th day of May, 1914, the plaintiff having failed to comply with the orders of the district court relative to payment of counsel fees and court costs, defendant, through her attorneys, moved the court for an order directing the said plaintiff to show cause why he should not be punished for contempt of court for failing therein. Thereafter, on the 18th day of May, 1914, the court made an order directing that proceedings in the action be stayed until such time as the plaintiff should comply with the orders of the court theretofore made, or until such time as plaintiff could satisfy the court that he was unable to comply with said order. Certain showing by way of affidavit was made to the district court by plaintiff, tending to establish his inability to comply with the order of the court. On the 20th

day of June, 1914, the defendant appeared in the district court and waived all contempt proceedings in said action against plaintiff. The case was set for trial by order of the court for the 25th day of June, 1914, and on that date the following proceedings took place, as appears from the reporter's notes:

"This being the time fixed for the trial of the above-entitled action, the plaintiff, by his attorney, Jerome L. Van Derwerker, Esq., and the defendant and her attorney, Chas. H. Burritt, Esq., being present in court in response, to the question of the court, 'Are you ready to proceed?' plaintiff's attorney made a statement to the court regarding the whereabouts of the plaintiff. Defendant moved the court to proceed to trial upon defendant's cross-complaint, offering to prove plaintiff's residence by the testimony of other witnesses. Motion denied."

In denying defendant's motion to proceed to trial on her cross-complaint, the court filed a written decision, which is in part as follows.

"It appearing to the satisfaction of the court that the plaintiff is without the jurisdiction of the court, and that this case has been set for trial some six weeks prior to this date, and that the plaintiff, according to the statement of his counsel, was repeatedly informed of that fact, whereupon the defendant requested the court to hear her counterclaim, offering to prove the residence of the plaintiff by other witnesses than the plaintiff, and, the court examining the record and finding that the plaintiff was in contempt of court for not complying with the orders of the court made heretofore, and not appearing in the proper manner to purge himself of such contempt, and not appearing personally to establish his residence, the court thereupon, notwithstanding the counterclaim of the defendant and the offer of the defendant, ordered the case dismissed on the merits; for the reason that the court was of the opinion that the plaintiff had no standing in court, and the defendant could not, under such circumstances, prove his residence, and the defendant being a nonresident of this state. Whereupon, of the court's own motion, the case is hereby dismissed."

[**1**] It is the contention of respondent that *mandamus* will not lie in this case. This court, however, has settled that question to the effect that where the district court wrongfully or erroneously divests itself of jurisdiction, or refuses to assume jurisdiction, *mandamus* is the proper remedy. (*Floyd and Gutherie* v. *Sixth Judicial District Court*, 36 Nev. 349.)

[**2**] Section 252 of the civil practice act, being section 5194 of the Revised Laws, provides:

"When the defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, his right to a provisional remedy is the same as in an action brought by him against the plaintiff, for the cause of action stated in the counterclaim, and demanding the same judgment; and for the purpose of applying to such a case the provisions of this act relating to provisional remedies, the defendant is deemed the plaintiff, the plaintiff is deemed the defendant, and the counterclaim so set forth in the answer is deemed the complaint."

Section 259 of the civil practice act, being section 5201 of the Revised Laws, provides:

"Either party may bring the issue to trial, or to a hearing, and in the absence of the adverse party, unless the court for good cause otherwise direct, may proceed with his case and take a dismissal of the action, or a verdict, or judgment, as the case may require."

Section 295 of the civil practice act, being section 5237 of the Revised Laws, provides:

"An action may be dismissed, or a judgment of nonsuit entered in the following cases:

"1. By the plaintiff himself at any time before trial, upon the payment of costs, if a counterclaim has not been made.   *   *   *

"2. By either party upon the written consent of the other.

"3. By the court when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal.

"4. By the court when upon trial and before the final submission of the case the plaintiff abandons it.

"5. By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the court or jury, The dismissal mentioned in the first two subdivisions shall be made by an entry in the clerk's register. Judgment may thereupon be entered accordingly. In every other case the judgment shall be rendered on the merits."

In the case of *Wuest* v. *Wuest,* 17 Nev. 217, 30 Pac. 886, this court, speaking through Mr. Justice Belknap, said: "The statute of this state is silent as to the right of defendants (in divorce actions) to affirmative relief. In the absence of express legislation upon the matter a defendant may have such relief as the practice of the English courts would have afforded him, upon the ground that such practice has been adopted as part of our law."

In the case of *Wuest* v. *Wuest,* Mr. Bishop's Commentaries on the Law of Marriage and Divorce were quoted approvingly, to the effect that: "One proceeded against for divorce *a mensa et thoro,* or for nullity of the marriage, or for restitution of conjugal rights, not only could bring forward a competent wrong done by the other party in defense of the suit, but if he succeeded in his proofs, he could have the proper sentence rendered in his favor, as though he were the original plaintiff."

By a strong line of decisions, under statutes, in most instances, similar to those of ours relative to marriage and divorce, it has been held that a statute making residence of the plaintiff a prerequisite to the exercise of divorce jurisdiction does not preclude a nonresident defendant from filing a cross-bill and obtaining a decree of divorce against the plaintiff. (14 Cyc. p. 589, and cases there cited.)

In the case of *Jenness* v. *Jenness,* 24 Ind. 355, 87 Am. Dec. 335, the supreme court of that state having before it a question very much analogous to the one presented in this case and a statute which provided: "Divorces may be decreed    *    *    *    on petition filed by any person who, at the time,    *    *    *    shall have been a *bona fide* resident of the state one year previous to the filing of the same, and a *bona fide* resident of the county at the

time of filing such petition," it was held that the court
had jurisdiction to try and determine a cross-petition by
reason of having acquired jurisdiction to try the petition
of plaintiff, and that the dismissal of that petition did
not oust that jurisdiction, and that it was not necessary
for the defendant to allege or prove that he or she was a
*bona fide* resident of the state for one year previous to
the filing of the said cross-petition.

This decision might be said to rest upon a special
provision of the statute of Indiana, but it is our judg-
ment that, regardless of the provision of the statute, the
reasoning set forth in that case is good as applicable to
the matter at bar.   In that case the court said: "Thus,
while our statute is intended to prevent nonresidents
from making use of our courts to perpetrate frauds upon
their unsuspecting wives or husbands, by coming here to
petition for divorces, it, at the same time, arms them
with every weapon of defense which is afforded to our
own people, when brought into court at the suit of those
whose *bona fide* residence here gives us jurisdiction."

To the same effect is the case of *Sterl* v. *Sterl*, 2 Ill.
App. 223, wherein it is held that, as a matter of law, a
court of equity, having acquired jurisdiction of the
parties and of the subject-matter of the suit, will retain
and exercise such jurisdiction until the equities of all
parties are meted out to them.   To the same effect is the
case of *Pine* v. *Pine*, 72 Neb. 464, 100 N. W. 938, 9 Ann.
Cas. 1198.

The statutes of the State of Michigan provide: "No
divorce shall be granted unless the party exhibiting the
petition or bill of complaint therefor shall have resided
in this state one year immediately preceding the time of
exhibiting such petition or bill, or unless the marriage
was solemnized in this state, and the complainant shall
have resided in this state from the time of such marriage
to the time of exhibiting the petition or bill, and when
the cause for divorce occurred out of this state, no
divorce shall be granted unless the complainant or defen-
dant shall have resided within this state two years next
preceding the filing of the petition or bill, and no proofs or

testimony shall be taken in any cause until four months. after the filing of such petition or bill for divorce, except where the cause for divorce is desertion, or when the testimony is taken conditionally for the purpose of perpetuating such testimony." (3 How. Mich. Sta. sec. 6231.)

In a case presenting conditions somewhat similar to the one at bar, the Supreme Court of Michigan cited approvingly the case of *Jenness* v. *Jenness,* 24 Ind. 359, 87 Am. Dec. 335, and held, in substance, that it would be a reasonable construction of the Michigan statute to say that, where the complainant in a divorce proceeding has resided in the state the full statutory period and the defendant has appeared in the cause, the court has jurisdiction over the parties and the right to dispose of the issue between them upon its merits and according to equity, even if in order to do so it is necessary to grant a decree of divorce to the defendant for the reason stated in the answer filed in the nature of a cross-bill. (*Clutton* v. *Clutton,* 108 Mich. 267, 66 N. W. 52, 31 L. R. A. 160.)

In the case of *Ferry* v. *Ferry,* 9 Wash. 239, 37 Pac. 431, the Supreme Court of Washington cited approvingly the case of *Sterl* v. *Sterl,* 2 Ill. App. 223, and sanctioned the expression of the latter court in the matter and adopted the rule therein cited.

In the case at bar, the defendant having appeared and having joined issue by answer and having filed her cross-complaint praying for affirmative relief, the proceeding is one *in personam,* and a dissolution of the marriage status may be decreed. (Bishop's Marriage & Divorce, sec. 25.)

In the case of *Gibbs* v. *Gibbs,* the Supreme Court of Utah, under statutory provisions relative to marriage and divorce quite similar to those of ours, held, in substance, that as the action was one *in personam,* in a case in which the defendant appeared, answered, and submitted his defense upon the merits, there was a waiver of objection to the venue, the court thereby acquired jurisdiction of his person and had authority to and should have rendered a decree upon the merits. (*Gibbs* v. *Gibbs,* 26 Utah, 382, 73 Pac. 641.)

That a nonresident defendant will not be deprived of his right to relief in a cross-bill by the dismissal or discontinuance of the original petition has been asserted by a strong line of authorities. (14 Cyc. 589.)

Under the provisions of section 252 of the civil practice act, heretofore set forth, the defendant in this case, petitioner herein, after filing her cross-complaint, asking for a provisional remedy in the injunction, must be deemed and held to be a plaintiff as to all matters contained therein, and the plaintiff is deemed the defendant. The answer and cross-complaint in this case was served upon the plaintiff within this state, and he thereafter answered the same by way of replication. So far as the pleadings in this case go, the parties and each of them were, by their own acts, brought within the jurisdiction of the court, and the court, therefore, had the right, and it was its duty, to proceed and determine the matter upon the issues presented.

[3] The residence of the plaintiff, like any other matter of fact, was one susceptible to proof. The personal appearance and testimony of plaintiff was not the only means of proving his residence for the time required by statute. That was an element in the case which the defendant, having brought herself within the jurisdiction of the court, might prove, if she saw fit. In fact, it was incumbent upon her, if she sought to proceed under her cross-complaint, to establish jurisdictional facts, where those prerequisites had not been established by the plaintiff. Under all the circumstances of this case we see no reason why the residence of the plaintiff could not be established by satisfactory proof coming from the defendant, or from evidence offered in her behalf.

There was no hearing in this case, the record discloses that no evidence was taken, and the court in dismissing the cause did so without a hearing either as to jurisdictional matters or on the merits. It thereby wrongfully divested itself of jurisdiction.

*Mandamus* being the proper remedy in such a case, it follows that the writ should issue; and it is so ordered.