JOHN BERNARD FOY, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF MARY E. SMITH, DECEASED, APPELLANT, *v.* ESTATE OF GEORGE EDMUND SMITH ET. AL., RESPONDENTS.

No. 3225

August 5, 1938.                     81 P.(2d) 1065

*Edward F. Lunsford* and *Myron R. Adams,* for Respondents:

*John Bernard Foy,* for Appellant:

## OPINION

By the Court, COLEMAN, C. J.:

This case is before the court on a motion to dismiss the appeal.

Mary E. Smith (to whom we will refer as plaintiff) instituted this suit to set aside a decree of divorce which she obtained June 16, 1930, against her husband George Edmund Smith (to whom we will refer hereinafter as defendant), a resident of New York, in the Second judicial district court, in and for Washoe County, Nevada. She asked to have the decree set aside upon the grounds of fraud, duress and coercion alleged to have been practiced upon her by the said defendant. In her complaint she also attacked an agreement entered into

between the plaintiff and defendant on February 10, 1930, whereby she accepted $600 monthly in lieu of her claim for support, upon the ground that he misrepresented his property holdings at the time they entered into the agreement to have been $183,200, whereas it was $2,000,000, and seeks damages in the sum of $347,600, representing what she claimed to be the difference between the amount she agreed to accept under the agreement and the amount to which she would be entitled to, or the sum of $5,000 per month for the rest of her life. The prayer of her complaint is that the said decree of divorce be set aside; that she have judgment for $347,000; and that defendants be required to set aside a sufficient fund to pay plaintiff $5,000 per month for the balance of her life.

The plaintiff appealed from an order sustaining a demurrer to the amended complaint, and a judgment dismissing the suit.

After the appeal was perfected, the plaintiff died. Subsequently a special administrator of her estate was appointed. Thereafter, on motion of the special administrator, an order was made by this court that he be substituted as appellant.

The respondents base their motion to dismiss upon two grounds—the first being that the suit abated upon the death of the plaintiff, since, as contended, the alleged action or cause of action is of such a nature that the same does not survive.

It is the theory of respondents that had a judgment been entered in the lower court in favor of the plaintiff prior to her death, such judgment would have become the property of her estate, in which case her legal representative could be substituted on an appeal by the adverse party; but that the right of support, being personal to the wife and not having been reduced to a judgment during her lifetime, it must necessarily terminate at her death.

The plaintiff and George Edmund Smith were married

in Buffalo, New York, in 1905, where they continued to reside until the plaintiff, some time in 1930, came to Nevada and established her residence and instituted her suit for divorce, resulting in a decree in her favor. So far as appears, there was no community property, nor other property, in this state, belonging to either of the parties to the divorce suit, and whatever property defendant owned was his sole property, so far as we are advised.

George Edmund Smith died in March 1936, after which this suit was instituted.

It does not appear from the record that any provision was made in the judgment and decree in said divorce suit for the support of the plaintiff, the same having been arranged solely by said agreement.

As we interpret the complaint in this suit, it is based entirely upon the theory of plaintiff's right to support in a monthly sum to be arrived at upon the basis of an assumed income from an estate valued at $2,000,000. It is not clear whether the plaintiff relies upon the law of New York or the law of Nevada as a basis for arriving at the right conclusion. Our attention is directed to a certain provision of the statute law of New York, and our attention is also directed to the law of this state as to the right of an injured wife, obtaining a divorce, for support. There has been no proof herein of the law of New York, and we will not presume that it is different from that of Nevada.

Section 9465 N. C. L., which is as it was when the divorce in question was granted, so for as here material, reads: "When the marriage shall be dissolved by the husband being sentenced to imprisonment, and when a divorce shall be ordered for the cause of adultery committed by the husband, the wife shall be entitled to the same proportion of his lands and property as if he were dead; but in other cases the court may set apart such portion for her support, and the support of their children, as shall be deemed just and equitable."

■ Nothing has been alleged or said to indicate that defendant was ever sentenced to prison or that the divorce was granted plaintiff for the cause of adultery committed by the defendant, hence we must conclusively presume that under the law applicable to the case at the time the divorce was granted, the plaintiff's right is solely that of support, as appears from Lake v. Bender, 18 Nev. 361, at page 410, 4 P. 711, 7 P. 74.

The question for determination is whether this action survives the death of the plaintiff. The well known common law rule, actio personalis moritur cum persona, is invoked by the respondents, which presents two questions for our determination: first, was the claim asserted by plaintiff personal in its nature; and, second, if it was personal did it survive the death of the plaintiff?

■ As to the first question, we are clearly of the opinion that the right to support was purely personal. From the very nature of the right it could be nothing more. It was a right which she alone could enjoy. Its duration depended upon her survival. There can be no support for a nonexisting person. This brings us to the question: Did the right of action survive, pursuant to section 8561 N. C. L., which provides: "An action shall not abate by the death * * * of a party * * * if the cause of action survive or continue * * *"?

■ What must be the character of the action to bring it within the terms of this section? It must be one which by its very nature survives. If it be true that the defendant misrepresented his wealth to the plaintiff, as contended, it would in no way affect this case. If he had been worth a billion dollars, all that the plaintiff would have been entitled to would have been support during her life. She was not entitled to an allowance on the theory that she could have saved $347,600 or any other amount. All that she was entitled to, we repeat, was support. She got that during her life. When she

died, her claim upon the defendant and his estate died also.

Appellant directs our attention to the views expressed by this court in Lake v. Bender, supra, wherein the court, in considering the question of the extent of an allowance for support, dwelt upon the status of the parties as a standard to be considered. The views there expressed meet with our approval, but there the court was dealing with the question of *support* during the lifetime of the wife, and not with the idea of enabling her to accumulate great wealth from such allowance.

In Faversham v. Faversham, 161 App. Div. 521, 146 N. Y. S. 569, it is said (page 571) : "The right to receive alimony as it is understood in this state, is clearly a personal right, arising out of the domestic relations, and is not a property right."

In that case it is also said: "But even if it were allowable to grant respondent's application for substitution, it would avail him nothing, because the original plaintiff's claim for alimony died with her, and no right to enforce the payment, even of alimony which had accrued before her death, survived her."

Again the court said: "A decree for alimony therefore does not create, but rather defines and makes specific, the husband's original obligation, which continues notwithstanding the divorce. It does not therefore create a debt in the ordinary sense of the word. It measures and makes specific and certain his obligation, but it does not change the character of that obligation, which is purely personal, and solely for the support and maintenance of the wife. In its very nature, therefore, it is unassignable, and upon the death of the wife, when the obligation of support and maintenance ceases, the obligation of payment likewise ceases, and it makes no difference whether alimony has accrued at the time of death or not, for, the right to receive alimony being unassignable, it is unsurvivable."

As to the question of the right of the plaintiff to

have set aside the decree of divorce, it is clearly not debatable. Death terminates all such questions. 1 C. J. 208; 1 R. C. L., p. 39, sec. 35; note to Morris v. Propst, 104 A. L. R. 654; Grotsch v. Hassey, 133 Misc. 373, 231 N. Y. S. 469.

The appeal should be dismissed.

It is so ordered.