## AGNES C. LEMP, Appellant, v. WILLIAM J. LEMP, III, Respondent.

No. 3389

September 23, 1943. 141 P. (2d) 212.

*William S. Boyle,* of Reno, for Appellant.

*Edward F. Lunsford* and *Bert Goldwater,* both of Reno, Amici Curiæ and Movants.

## O P I N I O N

By the Court, TABER, J.:

Chapter 23 of the 1939 Statutes of Nevada provides that: "Divorce from the bonds of matrimony may be obtained, in addition to the causes now provided by law and subject to the same procedure and requirements, for the following cause: When the husband and wife have lived separate and apart for three consecutive years without cohabitation the court may, in its discretion, grant an absolute decree of divorce at the suit of either party." Stats. of Nevada, 1939, chap. 23, pp. 16, 17, sec. 9467.06, N. C. L. 1931–1941 Supp., vol. 2, pp. 1280, 1281. Upon this ground, in the First judicial district court, county of Ormsby, William J. Lemp, III, in July 1942 brought suit for divorce against his wife Agnes C. Lemp. Besides the cause for divorce, the complaint alleges residence on the part of plaintiff, the marriage in Chicago July 14, 1928, and the fact that there were no children. No mention was made of property of any kind. Dissolution of the marriage was the only relief prayed for.

In her answer defendant (appellant) admitted that there were no children, and that the parties had lived separate and apart without cohabitation for more than three years last preceding the commencement of the suit. As a defense to plaintiff's cause of action, defendant alleged that by reason of plaintiff's extreme cruelty she had been compelled to file an action in Missouri for separate maintenance; that Mr. Lemp was personally served with summons in said action in said state; that on February 8, 1937, the circuit court of St. Louis County awarded her a decree adjudging that she have and recover of defendant as and for her separate support and maintenance $125 per month, together with $250 attorney's fees, and costs; and that by reason of the foregoing, defendant was not the cause of the separation alleged in plaintiff's complaint as ground for divorce.

As a second and separate defense defendant alleged that plaintiff had not paid said sum of $125 per month, or any part thereof, and that as a result thereof there was due her at the time of filing her answer the sum of $8,500, together with $510 interest and $250 attorney's fees and $15.05 costs, making in the aggregate $9,275.05; also, that during the marriage plaintiff borrowed from defendant bonds, stock and money aggregating $9,096.69, all of which he had converted to his own use, by reason whereof there was due and owing defendant said sum of $9,096.69, together with $510 interest, making in the aggregate $9,606.69.

Defendant's answer also contained two cross-complaints, the first for said sum of $9,275.05 owing on account of the separate maintenance suit, and the second for said sum of $9,606.69 owing on account of said loan of bonds, stock and money.

In the prayer of her said answer defendant asked that a decree of divorce be denied plaintiff, that he be required to pay her said sum of $9,275.05, and that he be required further to return to her said bonds, stocks and money, with interest, or the value thereof with interest, amounting to $9,606.69.

Upon motion of plaintiff the trial court struck from defendant's answer both of said defenses and both of said cross-complaints.

On November 18, 1942, defendant, with leave of court, filed her amended answer wherein as a first defense she alleged extreme cruelty on the part of plaintiff, and as a second and separate defense his neglect for the period of one year to provide her with the common necessaries of life, said neglect not being the result of poverty on his part which he could not have avoided by ordinary industry.

Said amended answer also contains two cross-complaints, the first based on extreme cruelty as alleged in said first defense, and the second on neglect to provide defendant with the common necessaries of life as alleged in said second defense.

In the amended answer defendant prays that plaintiff be denied a decree of divorce, and that she be awarded permanent alimony in the sum of $200 a month.

In due time plaintiff filed his reply to said amended answer, and after a trial without jury on December 17, 1942, the district court awarded plaintiff a decree of divorce in which no mention was made of alimony or any kind of property. In the findings of fact the trial court mentioned the Missouri decree of separate maintenance which had been granted Mrs. Lemp upon the ground of her husband's cruelty. Referring to said decree the court said: "That in the awarding of the decree herein as hereinafter set forth, this Court does not undertake to adjudicate any rights of the parties under the said decree of separate maintenance, the Court being of the opinion that the said decree of separate maintenance is outside of the issues in this case, and that the Court is without jurisdiction to make any order herein which would affect, supersede or set aside any rights which the defendant herein may have under and by virtue of the said decree of separate maintenance."

Defendant appealed from the decree of divorce and from the trial court's intermediate order sustaining plaintiff's motion to strike the two defenses and the two cross-complaints set forth in defendant's original answer. No motion for new trial was made, and the record does not contain any transcript or statement of evidence.

The husband died eleven days after the filing of appellant's opening brief. On April 7, 1943, and before anything further was done with reference to the appeal, counsel who had theretofore been the husband's attorneys appeared herein as officers of the court and filed their written suggestion and motion that the appeal be dismissed upon the following grounds: "First: It is an action relating to a purely personal status, and the death of one of the parties abates the action. Second: From

an inspection of the Record on Appeal, it will be found that no property rights are involved in this action. Third: The proposed affirmative answers and cross-complaints, the striking of which by the lower court is assigned as error on this Appeal, do not constitute defenses to the Complaint and are improper pleadings. Fourth: The questions raised on the Appeal have now become moot, and it is futile to pursue the Appeal further. Fifth: Due to the death of the Respondent, there is no party Respondent to this Appeal and further litigation will not be binding upon any person or persons, and the Court will have no jurisdiction to act, even in the event a new trial be ordered." On April 9, 1943 appellant filed her answer to said suggestion and motion, opposing each and every ground upon which they are made, but not denying the fact of the husband's death.

■ Where a party to a divorce suit dies pending an appeal from a decree of divorce the appeal, according to the great weight of authority, abates with respect to the marital status, but not so far as property interests are involved. Annotation, 30 A. L. R. 1469–1471; 1 Am. Jur. 102, n. 20; 1 C. J. S., Abatement and Revival, sec. 128, p. 176, notes 15–17; 27 C. J. S., Divorce, sec. 188, p. 848, notes 93, 94; Nelson on Divorce and Separation, vol. II, sec. 729a, pp. 671, 672; U. of Cin. Law Rev., vol. IX, pp. 304–305 (May, 1935); Annotation, 125 Am. St. Rep. 243–245; Columbia Law Rev., vol. 27, p. 1002 (Dec. 1927). The court has examined the cases cited in the foregoing secondary authorities; also the cases on this subject decided within the last few years, including: McPherson v. McPherson, 200 Wash. 365, 93 P. 2d 428; Cox v. Dodd, 242 Ala. 37, 4 So. 2d 736; Stoup v. Stoup, 109 Ind. App. 618, 35 N. E. 2d 112; North v. Ringling, 149 Fla. 739, 752, 7 So. 2d 476.

If the trial court was correct in its ruling on plaintiff's motion to strike, no controversy concerning property rights is involved in this case; but appellant contends that the striking of her affirmative defenses and cross-complaints constituted reversible error, and

that therefore this court in determining whether property rights are involved, should consider the question as if plaintiff's motion to strike had been denied.

We think the district court's action in granting plaintiff's motion to strike defendant's cross-complaints was correct. In support of her contention that the cross-complaints were proper, appellant relies upon the sections of our civil practice act relating to counterclaims and cross-complaints, and upon Mott v. Mott, 82 Cal. 413, 22 P. 1140, 1142. The counterclaim section is sec. 8603 N. C. L. 1929, which was amended in 1931, Stats. of Nev. 1931, chap. 148, p. 239, and as amended may be found at page 1188 of vol. 2 of the 1931–1941 Supplement to N. C. L. The cross-complaint section is sec. 8608, N. C. L. 1929. Appellant also relies on sec. 8604, N. C. L. 1929, it being her contention that she would have been foreclosed from setting up the matters contained in her cross-complaints had she not pleaded them therein. In this connection she cites the last sentence in sec. 272 of "Divorce and Separation," 9 R. C. L. 461 (17 Am. Jur. 401).

In this state a defendant in a divorce action may have affirmative relief by way of cross-complaint. State v. Moran, 37 Nev. 404, 142 P. 534; Hilton v. Second Judicial District Court, 43 Nev. 128, 183 P. 317. But in the absence of express legislation upon the matter in divorce cases the relief defendant may have is such as the practice of the English ecclesiastical courts would have afforded him. Wuest v. Wuest, 17 Nev. 217, 30 P. 886; State v. Moran, supra, 37 Nev. at page 408, 142 P. at page 535; State v. Moore, 46 Nev. 65, at page 80, 207 P. 75, 22 A. L. R. 1101; 19 C. J. 117, n. 44; 27 C. J. S., Divorce, sec. 11; 7 Encyc. of Pl. & Pr. 96, 97, n. 1; 14 Cyc. 672, 673, n. 45; Nelson on Divorce and Separation, vol. II, p. 694, n. 5, p. 698, nn. 2, 3. Appellant's arguments based on statutory provisions in our civil practice act and on Mott v. Mott, supra, are therefore without merit. In the Mott case it was decided that the cross-complaint section of the code of civil

procedure applies to divorce cases. It may further be observed, with reference to that case that the affirmative relief asked by defendant wife, unlike that in the original answer in the instant case, was that plaintiff be required to pay her permanent alimony and support, and provide funds for her counsel fees and costs of suit.

■■ Counsel has cited no cases in which the defendant in a divorce action has been permitted by cross-complaint to seek a straight money judgment against plaintiff for an unpaid loan or for the amount of overdue separate maintenance money decreed in a previous suit, or a judgment for the return of borrowed securities or their value. With one exception (Cooper v. Cooper, 120 Fla. 607, 163 So. 35) the court has been unable to find such a case, either under statutes or under the practice of the English ecclesiastical courts which, insofar as it relates to the affirmative relief defendants may have in divorce cases, has been adopted as a part of our common law. Wuest v. Wuest, supra. Nor have we seen such a case cited in any of the various treatises and texts examined by the court, among them being the following: Halsbury's Laws of England, vol. 16, pp. 515, 516, secs. 1046, 1047; Browning's Laws of Marriage and Divorce (London 1872) pp. 13, 177; 27 C. J. S., Divorce, secs. 11, 115; 17 Am. Jur., "Divorce," sec. 329; 19 C. J., Divorce, sec. 303, n. 44, sec. 305; Nelson on Divorce and Separation, vol. II, secs. 744, 745, nn. 2, 3; Bishop on Marriage and Divorce, 6th Ed., vol. 2, sec. 316; Bancroft's Code Pleading, vol. 3, sec. 1361; 7 Standard Encyc. of Proc. 780, 781; 14 Cyc. 672–674; 7 Encyc. of Pl. & Pr. 96–99. Wuest v. Wuest, supra, is cited in at least six of the foregoing texts. Cooper v. Cooper, supra, was a divorce case in which the marriage ceremony was conceived and perpetrated through fraud on the part of plaintiff wife, who used it as a means by which to defraud her husband, the defendant, of certain stocks. It was held that defendant, by counterclaim, could properly demand that the trial

court command plaintiff to transfer the stocks to defendant, or in default thereof pay him their value. Florida is one of the states where defendants in divorce cases may have affirmative relief under the provisions of the counterclaim statutes, and the decision in the Cooper case was based on those statutory provisions.

As the alleged unpaid loan and overdue separate maintenance money are not, in Nevada, proper subjects of cross-complaint or counterclaim, it is unnecessary to discuss appellant's argument based on sec. 8604 N. C. L. 1929, and on 9 R. C. L. 461, n. 15.

■ In the opinion of the court it was error for the trial court to strike the allegations of fact in defendant's affirmative defenses. Whether or not the matters therein alleged were sufficient of themselves to constitute grounds for divorce, they were such as might reasonably be expected to influence that court's discretion. Jeffers v. Jeffers, 55 Nev. 201, 29 P. 2d 351.

■ We have now to determine whether property rights are involved in this case. The court will consider that question as if defendant's affirmative defenses had not been stricken. Appellant's contention that property rights are involved is based chiefly upon the debt owing her "for the bonds and money." She says that she is "entitled to the payment of the money and bonds due her from respondent—therefore the property rights survive. * * * Respondent owed appellant the bonds and money. A debt existed and it is a property right." Counsel has cited a number of cases holding that a debt of this kind is property, but no authority has been cited to the effect that when such a debt is pleaded as a defense in this kind of divorce action, it gives rise to a controversy involving property rights.

The purpose of the allegations in the affirmative defenses of defendant's original answer was to set forth facts which if proved might influence the trial court in the exercise of the discretion conferred upon it by statute to grant or deny a divorce where husband and

wife have lived separate and apart for three consecutive years without cohabitation. The unpaid loan and overdue separate maintenance money might also be considered by that court in connection with questions relating to support money, alimony and other allowances; but the right to receive alimony is a personal, not a property right. Foy v. Smith's Estate, 58 Nev. 371, 81 P. 2d 1065. Whether or not an issue involving property rights would be raised if either the unpaid loan or overdue separate maintenance money were a proper subject of cross-complaint in this state, it seems clear that when such matters are pleaded in affirmative defenses to a complaint for divorce on the ground above mentioned, such plea does not give rise to a controversy involving property rights. If it be conceded that the unpaid loan is a debt, and if it be assumed, for purposes of discussion, that the overdue separate maintenance money is also a debt, neither one was the property of plaintiff, for, as stated in Dibert v. D'Arcy, 248 Mo. 617, 154 S. W. 1116, at page 1129, "debts are far from being the 'property' of the debtor." Whether the plaintiff in fact owned any property the court does not know; but nowhere in the record does it appear that he owned or had an interest in any kind of property whatsoever. The record is all we have to go by, and it shows that if either of the parties had any property, it was the defendant. Plaintiff did not bring any property rights before the court for adjudication, and so waived any claim or right in or to any property of defendant. Ambrose v. Moore, 46 Wash. 463, 90 P. 588, 11 L. R. A., N. S., 103. The only property, if any, brought by defendant before the court for adjudication was her own. Under these circumstances, even if defendant's affirmative defenses had not been stricken, the court is of opinion that no controversy involving property rights would have been presented in this case.

■ If property rights were involved, the court would not dismiss the appeal. No property rights being

involved, should we nevertheless deny the motion to dismiss, proceed with the appeal and, without ordering a new trial, simply reverse the judgment, thus placing appellant in the position of having been plaintiff's wife until he died, and, as counsel says, "his widow for all purposes" since that time?

By the weight of authority the appeal should be dismissed, and no authority is cited to the effect that it should not. The court, however, has considered this question and will now briefly discuss it.

Though there is no controversy as to property rights in this case, it could be argued that there may be property rights in fact, and that appellant might be denied her right of inheritance or other property rights unless the judgment awarding plaintiff a divorce be reversed. But if any facts or circumstances exist by reason of which, under any law, appellant will be prejudiced with respect to her property rights unless there be a reversal, such could have been shown by the presentation of affidavits or other evidence in connection with the present motion. Chatterton v. Chatterton, 231 Ill. 449, 83 N. E. 161, 121 Am. St. Rep. 339. Appellant had notice of the contention that no property rights are involved, as that was one of the grounds upon which the suggestion and motion for dismissal was based; but except for the unpaid loan and overdue separate maintenance money, she has not shown or suggested that a failure to reverse the judgment would operate to deprive her of, or prejudice her with respect to, any property right.

 It could also be argued that unless there be a reversal, appellant will be in the position of having violated her marital obligations, and that it would therefore be unfair to her to let the decree of the trial court stand unreversed. The answer to such a contention is that in a divorce case brought on the ground that the parties have lived separate and apart for three consecutive years without cohabitation, the trial court may, provided its discretion be not abused, grant a divorce to a

plaintiff who ·has been at fault, from a defendant who has been entirely without fault.. George v. George, 56 Nev. 12, 41 P. 2d 1059, 97 A. L. R. 983. In the instant case no wrongdoing of any kind was imputed to appellant, either in the court's findings or in the decree. In the findings the court does point out that appellant had previously been awarded a separate maintenance decree on the ground of plaintiff's cruelty. Certainly this is not a reflection on appellant's character or conduct.

As appellant had good ground for taking an appeal, she will be awarded her costs in this court.

*Appeal dismissed, with costs to appellant.*