MARIE ADELINE MORROW, Appellant, v. DELMAS C. MORROW, Respondent.

No. 3415

March 7, 1945.                                    156 P. (2d) 827.

*Marie Adeline Morrow,* in Pro. Per.

*W. Coburn Cook,* of Turlock, Calif., and *John R. Ross,* of Carson City, for Appellant.

*Harlan L. Heward,* of Reno, Amicus Curiæ.

## OPINION

By the Court, DUCKER, J.:

The case is here on a motion to dismiss the appeal. The parties will be referred to as they appeared in the court below.

Plaintiff brought this suit to obtain a decree of divorce from defendant on the ground of her extreme cruelty. He alleged that there was no community property belonging to the parties in the State of Nevada. He also alleged that there were four minor children the issue of marriage, and askéd that their custody be

awarded to defendant, and that he be required to pay her for the support and maintenance of each child, the sum of $20 per month until such child reached his or her majority. Defendant answered denying the allegations of plaintiff's residence in this state, and the charge of cruelty. Defendant averred that the court had no jurisdiction of the parties, the cause of action, or the children. The prayer of her answer is that plaintiff take nothing by his complaint, and that she be dismissed with her costs. It was signed by one W. Coburn Cook, attorney for defendant, and verified by her.

The case came on for hearing on the 16th day of November 1943. Whereupon, on motion of plaintiff the answer of the defendant was struck from the files. The court then entered the default of defendant. These proceedings were had because the court found that defendant's answer was not a legal answer in that said W. Coburn Cook, the attorney who signed it, a member of the Nevada State Bar, had no residence in the State of Nevada, nor had an attorney who resides in the State of Nevada been associated with said W. Coburn Cook in the case; and also because the defendant had not appeared in propria persona.

Upon the default being entered, evidence was introduced by plaintiff in support of his complaint and a decree of divorce was granted him in accordance with the prayer thereof.

This appeal was taken by defendant, in propria persona, from the order of the court striking her answer, and from the findings and decree; also from an order of the court made on February 21, 1944, striking from the files her motion to set aside said findings and decree. Thereafter, to-wit, on November 22, 1944, it having come to the attention of this court that a question was involved of great importance and interest to the members of the state bar of Nevada, on account of the striking of the answer, we appointed Harlan L. Heward, Esq., a member of said bar, an amicus curiæ,

to appear in the proceedings and file a brief therein, and to appear before the court and orally argue, if such action was deemed advisable.

This motion to dismiss has been made by said amicus curiæ. The following grounds for dismissal are stated in the notice of motion:

I. That the respondent, Delmas C. Morrow, died in Sacramento, California, on April 26, 1944.

II. That the action is one relating to a purely personal status and the death of said Delmas C. Morrow, abates the action.

III. No property rights are involved in this action.

IV. The questions raised on the appeal have now become moot and it is futile to pursue the appeal further.

V. Due to the death of the respondent there is no party respondent to this appeal, and further litigation will not be binding upon any person or persons, and the district court will have no jurisdiction to act even in the event that the judgment be reversed or that a new trial be ordered.

On the hearing of the motion the amicus curiæ introduced in evidence the records and files in the action, a certificate of death of plaintiff, Delmas C. Morrow, which was among the files, and an affidavit of Marie Morrow, the surviving widow of plaintiff, all of which had been designated in the notice of motion. Defendant was represented at the hearing of the motion to dismiss by a resident member of the Nevada state bar, who had theretofore, together with defendant in propria persona and said W. Coburn Cook, filed a return and answer to the motion to dismiss, and points and authorities in opposition to the motion.

Defendant insists that the amicus curiæ was without authority to make the motion to dismiss the appeal. Our consideration of this contention satisfies us that he was competent to make it. The order appointing him because of the important question involved, did

not limit him exclusively to advising the court as to that question, as defendant contends. We are likewise satisfied, after examining the record, together with the evidence introduced by the amicus curiæ on the hearing of the motion that the appeal should be dismissed.

First, as to the competency of the movant, it has been held in this and other jurisdictions that it is within the province of an attorney as an amicus curiæ, to move to dismiss an action on the ground that it is collusive or fictitious. Haley v. Eureka County Bank, 21 Nev. 127, 26 P. 64, 12 L. R. A. 815; Muskogee Gas, etc., Co. v. Haskell, 38 Okl. 358, 132 P. 1098, Ann. Cas. 1915A, 190; Ward v. Alsup, 100 Tenn. 619, 46 S. W. 573; Judson v. Flushing Jockey Club, 14 Misc. 350, 36 N. Y. S. 126, 128; 2 Am. Jur. pp. 681-2, sec. 6. In the Nevada case, Haley v. Eureka County Bank, supra, the court held that an attorney as amicus curiæ may move to dismiss an action as collusive. The court said [21 Nev. 127, 26 P. 68]:

"It is not only the right, but the duty, of an attorney of the court, if he knows or has reason to believe that the time of the court is being taken up by the trial of a feigned issue, to so inform the judge thereof; and it is discretionary with the court to stay proceedings, make due inquiry, and, if the facts warrant the suggestion, then dismiss the case."

█ In the case of Lemp v. Lemp, 62 Nev. 91, 141 P. 2d 212, 148 A. L. R. 1104, when it was shown that the controversy had become moot by the happening of an event subsequent to the appeal, to-wit, the death of the husband who had procured the divorce, as in the case at bar, we entertained the motion of the amici curiæ and dismissed the appeal. True, in that case, the point was not made that they were not competent to make the motion, but we discern no room for the application of a different principle than in cases that are collusive or fictitious. If it comes to the attention of the court that the case before it is moot, it is as much the duty of

the court to dismiss it in that case as in the other. Wedekind v. Bell, 26 Nev. 395, 69 P. 612, 99 Am. St. Rep. 704; Pacific L. Co. v. Mason Valley M. Co., 39 Nev. 105, 153 P. 431; Ex parte Ming, 42 Nev. 472, 181 P. 319, 6 A. L. R. 1216; Edwards v. City of Reno, 45 Nev. 135, 198 P. 1090; City of Reno v. Second Judicial District Court, 58 Nev. 325, 78 P. 2d 101, 102. In the latter case we quoted from Mills v. Green, 159 U. S. 651, 16 S. Ct. 132, 40 L. Ed. 293, the rule universally recognized:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

In State v. McCullough, 20 Nev. 154, 18 P. 756, in which no real dispute existed between the parties, and in Wedekind v. Bell, supra, where the questions sought to be determined had become moot, the information in the former, and the appeal in the latter, were dismissed by the court without a motion. Why then, may we not act upon the motion to dismiss the appeal made by the amicus curiæ, when it is made to appear that a legitimate case is not before the court for consideration and decision? Under the showing made, the case has become moot since the appeal was taken. The suit abated upon the death of the plaintiff, because the cause of action did not survive. Foy v. Smith's Estate, 58 Nev. 371, 81 P. 2d 1065. Lemp v. Lemp, supra. The pleadings show, and the trial court found, that the parties owned no community property in the State of Nevada. The action was one relating to a purely personal status. Defendant contends in her return and answer to the motion to dismiss, that the amicus curiæ was bound to take the case as he found it, and could not bring new matters into the record. We believe that it was permissible for him to produce evidence aliunde

to show that no actual controversy existed. The court was entitled to know this and does not question the manner in which, it was made to appear. This was the purpose of introducing in evidence the certificate of death, and the affidavit of plaintiff's surviving widow. An affidavit for the same purpose presented by the amicus curiæ in Haley v. Eureka County Bank, supra, was held admissible.

■ There is no merit in the complaints made because the affidavit of said Marie Morrow designated in the notice of motion to dismiss, was not served on said W. Coburn Cook, and because the notice was not served on the resident attorney who appeared latterly for defendant. No objection was made to the admission of the affidavit on the hearing of the motion to dismiss; and as the resident attorney's name was signed to the return and answer, it is clear that the omission to serve him with the notice of motion to dismiss was of no consequence.

The appeal is dismissed.