WALTER J. RICHARDS, APPELLANT, *v.* THE CITY OF LAS VEGAS, A MUNICIPAL CORPORATION, AND C. D. BAKER, REED WHIPPLE, REX A. JARRETT, WENDELL BUNKER, HARRIS P. SHARP, AND SHIRLEY L. BALLINGER, CONSTITUTING THE MAYOR, BOARD OF COUNCILMEN, AND CITY CLERK OF THE CITY OF LAS VEGAS, NEVADA, RESPONDENTS.

No. 3881

June 1, 1955.                    284 P.2d 373.

*Harry E. Claiborne, David Zenoff,* and *John A. Porter,* all of Las Vegas, and *Richard Waters, Jr.,* of Carson City, for Appellant.

*Howard W. Cannon,* City Attorney, and *Ralston O. Hawkins,* Assistant City Attorney, of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant was elected judge of the municipal court of the city of Las Vegas in the election of May, 1953, for a term commencing the first Monday in June, 1953. At a general municipal election to be held May 3, 1955, provision was made to vote for candidates for the office of mayor, two commissioners and a judge of the municipal court. Appellant, claiming that by reason of an act of the legislature approved March 16, 1953, Stats. 1953, 102, his term of office would not expire for four years, namely on the first Monday in June, 1957, and that an election of municipal judge after two years would be unlawful, would accomplish nothing and would be a waste of the taxpayers' money, commenced an action to enjoin an election of municipal judge at the May 3, 1955 election. His present appeal is from the order dismissing his complaint. In the meantime, however, the election was held and his opponent received a majority of the votes. Against the present motion to dismiss the appeal on the ground that the same has become moot, appellant asserts that the issue as to the proper construction and interpretation of the 1953 statute remains a matter for determination; that under Rule 54(c) N.R.C.P. relief may be granted to a party entitled thereto even though

not prayed for; that his prayer for general relief entitles him to have his appeal heard on the merits by this court. Other than the determination of an abstract question, the only relief available would be such relief as is granted under our statutory proceedings in quo warranto to try title to office. But appellant's opponent at the 1955 election, who received the majority of the votes and is now occupying the office, is neither a party to this appeal nor was he named as a defendant in the district court. Without his presence, it is manifest that no order ousting him from office could be entered. Sec. 9214 N.C.L. 1929. Rule 54(c) has no application. Questions of law involved in appellant's injunction suit having become moot, we have no alternative but to dismiss the appeal. Edwards v. City of Reno, 45 Nev. 135, 198 P. 1090; Morrow v. Morrow, 62 Nev. 492, 156 P.2d 827. It is so ordered.